ROBERT L. NORWOOD V. GALVESTON, HARRISBURG & SAN ANTONIO
RAILWAY CO.

No. 932.

1.   Railway Company—Separate Coach Act—Special Damages Necessary.
   The failure of a railway company to provide a passenger with a coach "equal
in all points of comfort and convenience to those furnished passengers of another
race," will not render it liable in damages in an action by such passengers, suing
as a private person, in the absence of proof of actual injury or special damage to
plaintiff resulting from such failure.

2.   Same—Violation of Public Duty—Presumption—Nominal Damages.
   The violation of a duty owing to the public, and for which the statute provides
a penalty to be enforced by the State, does not carry with it such presumption of
injury as will entitle the plaintiff, suing as a private person for damages for such
violation, to recover at least nominal damages.

APPEAL from the County Court of Gonzales.   Tried below before
Hon. J. S. CONWAY.

*Atkinson & Abernathy,* for appellant.

*McNeal, Harwood & Walshe,* for appellee.

FLY, ASSOCIATE JUSTICE.—Suit to recover damages accruing from
failure to furnish equal accommodations on a train, under the provisions
of the separate coach act.   It was alleged that appellant had purchased
for 35 cents a first class ticket to enable him to go from Gonzales to
Harwood; that appellee failed to furnish him with a coach "equal in
all points of comfort and convenience" to the one provided for white
passengers on the same train; that there was no water closet nor vessel
for drinking water, nor fire stove, in the negro compartment, as there
were in the white compartment, and that appellant was sick and needed
these articles.   Special damages resulting from a failure to furnish the
articles in question was fully pleaded.   There was a verdict and judg-
ment for appellee.

We are of the opinion that appellant's right of recovery was depend-
ent upon proof showing that he had sustained damages from a failure
to comply with the law on the part of appellee.   The law does not pro-
vide for, nor seem to contemplate, the right of a passenger to sue in case
he is not furnished with a coach in which to ride "equal in all points
of comfort and convenience to those furnished passengers of another
race," and appellant's right to sue cannot be based upon a mere infrac-
tion of the law, unless there should be some damage resulting to him
from such infraction.   The enforcement of the law is left solely in the
hands of the State, and an adequate penalty is prescribed that can be
invoked by and through the State alone.   The position assumed by ap-
pellant is, that although he may have failed to show that he was dam-
aged by the infraction of the law, he was entitled to recover nominal

damages. We think not. The authorities cited by appellant do not sustain his contention. In the Mackie case, 71 Texas, 492, the right to recover damages for placing a lady in a car filled with tobacco smoke and men who were using vulgar and profane language, was not placed on the mere occurrence of these things, but on the ground of damages based on injuries, physical and mental. Damages are given as compensation or satisfaction for injuries actually received. There is a distinction to be drawn between the violation of a right or duty as between individuals, arising out of contract relations or other legal duties between them, and violations of duty arising from the infraction of a duty to the public. The violation of the first duty may carry with it the presumption that some injury was inflicted, the latter does not.

The separate coach act is a public statute which commands the doing of certain things, and prohibits the doing of others, and the State reserves to itself the right to punish any infraction of the law so far as it merely concerns the public. Unless special damages have resulted from its infraction to an individual, the infraction can only concern the public. To quote from Blackstone, "the law gives no private remedy for anything but a private wrong. . . . Where a statute prohibits the doing of a particular action affecting the public, no person has a right of action against another merely because he has done the prohibited act. It is incumbent on the part of the complainant to allege and prove that the doing of the act prohibited has caused him some special damage, some particular injury beyond that which he may be supposed to have sustained in common with the rest of the Queen's subjects by an infringement of the law." The above language is taken from an opinion of the Court of Exchequer in England, and is copied into and approved by Sedgewick in his work on Damages, vol. 2, chap. 23, p. 564. It must be the true doctrine. A contrary holding would permit not only punishment at the hands of the State for a violation of a statute affecting the public, but also at the hands of any number of individuals, whether injured by the violation or not.

The charge of the court and the charge asked by appellant and given, recognize the principle that appellant's right of recovery was dependent on proof of actual damage sustained by him, and submitted the issue fully to the jury. The jury decided that no actual injury was sustained by appellant, and there is testimony that supports the finding.

None of the assignments of error are well taken and the judgment will be affirmed.

*Affirmed.*

Delivered February 5, 1896.