WELLER et ux. v. MISSOURI, K. & T. RY. CO. et al. (No. 5690.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1916.)

1. APPEAL AND ERROR ⬳742(1) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

In an action against a railroad company for damages for placing white passengers in a coach also occupied by negroes, assignments of error that the verdict and judgment were contrary to the testimony, in that it showed that the white passengers purchased tickets entitling them to transportation in a coach set apart for white persons, cannot be extended by propositions to raise the point that they suffered mental anguish by reason of the proximity of negroes.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬳742(1).]

2. RAILROADS ⬳253—CARRIAGE OF PASSENGERS—ACTIONS—DAMAGES.

A passenger cannot recover even nominal damages against a carrier for an infraction of the separate coach law without showing that he was injured.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 732, 733; Dec. Dig. ⬳253.]

3. APPEAL AND ERROR ⬳215(1)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—INSTRUCTIONS—OBJECTIONS.

White passengers suing because forced to ride in a coach partly occupied by negroes, not having objected below to instructions which made recovery contingent upon the suffering of actual damages, cannot assert on appeal that they should have been allowed nominal damages in any event.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309, 1310; Dec. Dig. ⬳ 215(1); Trial, Cent. Dig. § 683.]

4. APPEAL AND ERROR ⬳1050(3)—HARMLESS ERROR — CARRIAGE OF PASSENGERS — EVIDENCE—ADMISSIBILITY.

Where white passengers were suing because compelled to ride in a coach partly occupied by negroes, evidence that the two races were commingled because the negro coach was disabled, that they were separated by large signs, one portion of the coach being set off for the negroes, and that many of the white passengers were soon placed in Pullman and chair cars, has such a bearing on the question as to whether white passengers suffered shame and humiliation that, if erroneously admitted, the error does not necessitate a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4155; Dec. Dig. ⬳ 1050(3).]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by C. B. Weller and wife, against the Missouri, Kansas & Texas Railway Company and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

N. A. Rector, of Austin, for appellants. Fiset. McClendon & Shelley, of Austin, for appellees.

MOURSUND, J. We adopt appellants' statement of the nature of the suit, as follows:

"This suit was instituted by C. B. Weller and his wife, Lucile Weller, against the Missouri, Kansas & Texas Railway Company of Texas for the sum of $1,500 each, and in the total sum of $3,000. Plaintiffs alleged that on

---

the 23d day of December, 1913, in the city of Austin, Travis county, Tex., they purchased from the defendant railway company two first-class passenger tickets which entitled them to be . transported from Austin to San Antonio, Tex., in a first-class coach in which only white people were allowed to ride (the plaintiffs being white people); that the defendant railway company breached its contract, in that it compelled plaintiffs to enter a coach partly filled with negroes and to ride in said coach from Austin to and beyond San Marcos, in Hays county, Tex., a distance over 30 miles; that they were humiliated and mortified on account thereof, and sued for damages suffered because of mental distress and anguish for such outrages. They pleaded, also, the statute which requires a railway company to furnish separate coaches for the transportation of white passengers and negro passengers, and alleged the violation of said statute by the defendant. The defendant answered by general demurrers and special exceptions, which were overruled, and further answered admitting paragraph 1 of plaintiffs' petition and otherwise substantially denying the remaining portions of said petition. In subdivisions (a) and (b) in said answer defendant pleaded extraordinary and unprecedented floods in Texas along its route which washed its tracks and bridges out in different places, which rendered its road unsafe and generally interfered with the operation of its trains, and also specially pleaded that it had not equipped the train upon which plaintiffs took passage with a separate coach for negroes, because it alleged that the only coach available for that purpose was in San Antonio. These subdivisions were pleaded, as the defendant claimed, first to show compliance or a substantial compliance with the requirements of the statute, and, second, as an excuse for not so complying, and, third, in mitigation of damages."

The trial resulted in a verdict and judgment in favor of defendant.

Appellants by their first assignment contend that the verdict and judgment are contrary to the testimony, in that the undisputed testimony showed that plaintiffs, who are white people, purchased tickets from defendant company which entitled them to transportation from Austin to San Antonio in a coach or car set apart for the use exclusively of white people, and that they were required by the defendant's officers and agents to enter a car in one of its trains at Austin bound for San Antonio and to ride from Austin to and through San Marcos in such car, and that a number of negroes were at the same time permitted to ride in said car.

The second assignment is similar to the first in all respects, except that it is asserted the verdict and judgment are contrary to the great preponderance of the testimony.

[1-3] These assignments do not embrace any contention that the undisputed testimony or the great preponderance of the testimony showed that plaintiffs suffered mental anguish, distress of mind, or humiliation, and they cannot be extended by propositions so as to raise such question. They simply assert that on proof of certain facts therein set out plaintiffs were entitled to recover. We therefore regard such assignments as raising the same question presented by the third and eighth assignments, namely, whether upon proof of such facts alone plaintiffs

are entitled to recover nominal damages. This court has held, in the case of Norwood v. Railway Company, 12 Tex. Civ. App. 560, 34 S. W. 180, that an individual, though a passenger, cannot recover any damages for the infraction of the separate coach law unless he suffers special damages on account of such infraction. This rule was reiterated in the case of Henderson v. Railway Co., 38 S. W. 1136, and we are still of the opinion that it is correct. We conclude, further, that as plaintiffs did not object to the charge of the court nor the special charge given at defendant's request, in both of which plaintiffs' right to recover was made to depend upon the finding of actual damages, they cannot now be heard to insist that the jury should have allowed nominal damages.

Assignments 1, 2, 3, and 8 are overruled.

[4] Appellants contend that the court erred in admitting evidence showing that floods had occurred which had caused trains to be run on slow time and behind their regular schedule, and in this connection to show that it had no separate coach at Waco to place in the train on which plaintiffs took passage at Austin, and further to show that, as an excuse for not having a separte coach for negroes, such negro coach had been left in San Antonio on a former trip and was reported in bad order. They also contend that testimony should not have been admitted to the effect that defendant's officers and agents had posted placards on the back of the seats in the coach in which plaintiffs rode, designating the front portion thereof "For Negroes," and the rear portion thereof "For Whites"; also, testimony to the effect that an unusually large number of passengers sought passage on the train on which plaintiffs took passage. All of this evidence was objected to as irrelevant and immaterial. The court in his charge did not submit any defense based upon any of this testimony; in fact, refused a special charge in which defendant sought to present a defense based upon the theory that, if it was impossible to furnish other equipment owing to floods and heavy travel, it should not be held liable. The question to be determined is, therefore, whether any part of this testimony was inadmissible, and, if so, whether the error in admitting it is of sufficient importance to require a reversal of the judgment.

As it is a matter of common knowledge that white citizens of the South are daily thrown in contact with members of the negro race in almost every walk of life, and negroes are permitted by law to ride on street cars with whites, with only a sign to indicate the place where they are to sit, it seems clear that whether or not proximity to negroes in a coach or train causes mental anguish or humiliation depends to some extent upon the circumstances under which such proximity is brought about and maintained, and we therefore think it was un-

doubtedly permissible to prove that signs had been put up which showed that the negroes were not permitted to take seats in that part of the coach reserved for whites. Defendant's conductor testified that he used the coach in which plaintiffs took seats as a coach for negroes, from Waco to Austin, and had placed large cardboard signs in both compartments showing that it was for negroes, which signs had been torn down when he entered this car at the bridge as the train was leaving Austin, at which time he ascertained that plaintiffs and other white people had taken seats therein, and that he then put up signs on the seats between the whites and negroes. It is shown that owing to flood conditions no cars were available to add to this train at Waco or Austin or intermediate points, and that many persons were turned back at Austin and not permitted to enter the train; that a Pullman car was added at Austin, and was filled up by the conductor, at the expense of the company, with passengers standing up in the coach used for whites; that at San Marcos a chair car was picked up, and passengers were transferred from the Pullman to the chair car, leaving women passengers in the Pullman, and, shortly after leaving San Marcos, plaintiffs and Mrs. Connally and children, who were with plaintiffs, were moved into the Pullman. It was also proven that the coach ordinarily used for colored people was at San Antonio and reported to be in bad order.

Appellee contends that the unusual flood conditions, the want of proper equipment caused thereby, and the unusually large crowd that was on the train, were circumstances to be taken into consideration in determining whether or not plaintiffs were humiliated or mortified, and, if so, in measuring the equivalent thereof in money. The proof that a large number of people sought passage on the train was necessarily adduced in showing the crowded condition of the train, and could not have harmed plaintiffs; in fact, was developed by plaintiffs' own testimony. Of course, any circumstance tending in the slightest to show conditions calculated to prevent humiliation, or reduce the extent thereof, is admissible, and the difficulties under which defendant was laboring were calculated to make the passengers who were not turned back at the steps of the cars view with more or less resignation the occupancy of the car by both races. Some of the testimony would necessarily be adduced in explanation of the act of the conductor in using and designating the coach as one for negroes, in making the run from Waco to Austin, and if it be conceded that it was unnecessary to go into detail concerning the extent of the flood, and to prove that no other car was available, we think, after consideration of all the testimony, that, if error was committed in admitting the evidence objected to, such error does not require a reversal of the judgment. In this connection, it is to be noted that all of these matters were fully pleaded by defendant and no exception thereto was urged by plaintiffs.

The judgment is affirmed.