R. L. NEVELL v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1435. Decided November 27, 1905.

**Mandamus—Estoppel—Cancellation of Lease.**

One who had procured the Commissioner of the General Land Office to cancel his ten years' lease of school land at the expiration of five years, on the theory that, having permanent water, it could not be let for longer than such term, and for the purpose of himself again leasing it, can not maintain suit for mandamus to compel his reinstatement under the first lease, though it should be held valid, against the commissioner who, after cancellation, had relet it to another and higher bidder. (P. 356.)

Original application by Nevell, against the Commissioner of the General Land Office, for mandamus, to which Nixon, an adverse claimant of the land, was subsequently made a party.

*Morris & Van Sickle*, for relator.

*R. V. Davidson*, attorney-general, and *T. S. Reese*, assistant, for respondent.

GAINES, CHIEF JUSTICE.—This is a petition by the relator, Nevell, to compel the Commissioner of the General Land Office to reinstate him upon the records of his office as lessee of the north half of section 37 of block 13 of the G. H. & S. A. Ry. Co. surveys. The respondent pleads in abatement of the suit, that after the cancellation of the relator's lease, the land had been leased by him to one, W. H. Nixon, and

that this lease is in good standing; and that therefore Nixon is a necessary party to the suit. We think the plea should be sustained and it is accordingly so ordered. The suit will be dismissed unless the re- ·lator within fifteen days amend his petition and make Nixon a party defendant to the action.

Filed May 25, 1905.

WILLIAMS, ASSOCIATE JUSTICE.—This in an original application for a mandamus whereby relator seeks to compel the respondent to re- instate a lease for a half section of land which had been cancelled by the commissioner. Corespondent Nixon is made a party as the holder of a lease for the land, executed by the commissioner after the cancella- tion of the first.

The facts as they appear from the petition and answers are that the commissioner leased to relator a number of sections of land, including the half section in controversy, for ten years from August 26, 1899. The half section and some of the sections had upon them permanent water, which fact was unknown to the commissioner when he executed this lease. In 1904, about the time of the expiration of five years from the date at which the lease took effect, the relator represented this fact ·to the commissioner and in substance, asserted that by reason of it the term of the lease was limited by the statute to five years, and that the land was again subject to be leased, and applied for a new lease .of all of the land for a new term of five years. The commissioner, agreeing with this view of the law, cancelled the first lease and executed to relator a new one for all of the land except the half section which was let to Nixon because he offered a larger price than relator. Being thus dis- appointed in his effort to obtain this half section under the new lease, relator falls back upon the former one and claims that it is good for ten years from the time it took effect. Plainly it is an effort to compel by mandamus the undoing of that which the relator himself caused or helped to be done, which can not succeed. When relator induced the commissioner to cancel the first lease, other persons had the right to bid for the land, and it became the duty of the commissioner to take the best price offered, and relator's own action precludes him from ob- taining this writ to set aside an action which he asked for and assented to. It would therefore be outside the case for this court to enter upon a discussion of the questions of law presented as to the legal effect of the first lease.

*Writ refused.*