ROBINSON & MARTIN v. HOUSTON & TEXAS CENTRAL RAILROAD COMPANY.

No. 2214.  Decided May 1, 1912.

**1.—Sale—Payment—Delivery.**

Neither payment of the price nor actual delivery to the purchaser is necessary in order to pass title by a sale of chattels. (P. 187.)

**2.—Same—Shipment—Draft—Bill of Lading Attached—Delay by Carrier.**

Goods purchased were shipped by rail consigned to shipper's order, and draft for the price sent through the banks with bill of lading attached. Held that the purchaser had title to support an action against the carrier for delay in transportation occurring prior to his payment of the draft, though the right of possession up to such payment was in the shipper. (Pp. 186, 187.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Cooke County.

Robinson & Martin sued the railway company and had judgment which, on defendant's appeal, was reversed and rendered, appellees obtaining writ of error.

*Davis & Thomason,* for plaintiffs in error.—The contract for the transportation of the boiler having been made for the benefit of the purchasers, Robinson & Martin, and the seller, the Erie City Iron Works, having loaded the boiler upon the cars, paid the freight and done all that was required of it, the title passed to Robinson & Martin subject to the payment of the purchase money and they could maintain an action against the Railway Company for breach of the contract of carriage. Cleveland v. Williams, 29 Texas, 209; Owens v.

Clark, 78 Texas, 550; Embree v. Lusk, 39 S. W., 154; Bruce v. State, 35 S. W., 385; 3 Hutchinson on Carriers (3d ed.), 1304-1317.

The suit can be maintained, regardless of the question of title. The contract for the prompt and speedy transportation of the boiler was made for the use and benefit of the purchasers. The contract being made for their use and benefit, they have the unquestioned right to maintain an action for its breach. Western U. Tel. Co. v. Birchfield, 15 Texas Civ. App., 426; Mathonican v. Scott, 87 Texas, 398; McCown v. Schrimpf, 21 Texas, 22; A. & E. Enc. of Law, volume 7, page 106.

*Garnett & Eldridge,* for defendant in error.—The boiler and attachments in question were legally and equitably the property of the Erie City Iron Works until the payment of purchase money, and inasmuch as the purchase money was not paid by plaintiffs until long after the delay complained of, plaintiffs were not entitled to recover damages for a delay in the transportation of the property at a time when they were neither the owners, consignors, consignees, nor entitled to the possession of the same. Railway Co. v. Scott, 4 Texas Civ. App., 76; Dalby v. Railway, 105 S. W., 1154; Cudahy Packing Co. v. Dorsey, 26 Texas Civ. App., 484; Railway Co. v. Grayson Co. Nat'l Bank, 100 Texas, 17; 4th Elliott on Railroads, sec. 1427; Hutchinson on Carriers, sec. 734.

Title to property consigned to shipper's order with draft attached does not pass until the draft is paid. Manufacturing Co. v. Railway Co., 149 N. C., 261; Railway Co. v. Robinson & Martin, 131 S. W., 444; 3rd Hutch. on Car., sec. 1320.

Mr. Chief Justice Brown delivered the opinion of the court.

The facts upon which this suit was based are undisputed and are stated by the Honorable Court of Civil Appeals as follows:

"Appellees (plaintiffs in error) were engaged in the business of running a cotton gin at Marietta, Oklahoma. On the 14th of December, 1906, their steam boiler got out of repair, which necessitated the purchase of a new one before they could resume business. On December 21, 1906, by telephone from Dallas they ordered a boiler and attachment from an agent of the Erie City Iron Works at Houston. Just what the details of that contract were does not appear from the record, except by inference gathered from what the parties did in the subsequent transactions that followed. Paine, the agent of the Erie City Iron Works through whom the purchase was made, testified that he was directed by the appellees to ship the boiler provided he could do so at once; that on December 22, the day following, he delivered to the Houston & Texas Central Railway Company the boiler and attachments loaded on one of its cars. He filled out the bill of lading himself and presented it to the appellant's agent, by whom it was signed. The bill of lading was in the usual form, and contained, among others, the following provisions: "And the Houston & Texas Central Railroad Company agrees to transport same from the station first above written to Gainesville, and there deliver in like good order to Shipper's Order, Notify (Consignee), or his assigns, provided des-

tination is on this company's line, but if final destination is beyond this company's line, then this company agrees to deliver the said shipment in like good order to its next connecting carrier for consignee's account; in either event consignee agreeing to pay freight and charges as per margin.'' The freight to Gainesville was prepaid by Paine for the consignor, and the bill of lading, with a draft for the purchase price attached, was sent to the First National Bank of Marietta, Oklahoma, with instructions to deliver it to the appellees upon their making payment of the draft. The goods were routed over the Houston & Texas Central Railway Company to Elgin, and thence over the Missouri, Kansas & Texas Railway Company of Texas to Gainesville. There seems to have been some delay in the shipment occurring on both roads, which might be attributed to negligence. The car containing the boiler left Elgin about December 28th and arrived at Gainesville on January 1st; but appellees received no notice of its arrival till January 3rd. They accepted the boiler; and upon the agreement of the bank holding the draft and bill of lading to protect the railway company, the agent of that company at Gainesville consented that appellees might take possession of the boiler and ship it to Marietta without surrendering the bill of lading. This they did, and on the day following, January 4, paid off the draft and received the bill of lading. There was evidence to support a finding by the jury that by reason of the delay in the transportation of this machinery the appellees had sustained damages resulting from their machinery remaining idle during the time.''

When the Erie City Iron Works sold the boiler to Robinson and Martin and delivered it to the railroad company at Houston, the title vested in the purchasers; neither payment of the price nor actual delivery to the purchaser was necessary to pass the title. Boaz & Co. v. Schneider & Davis, 69 Texas, 128; Cleveland v. Williams, 29 Texas, 204, 94 Am. Dec., 274; Irvin v. Edwards, 92 Texas, 258. The cases in our own reports are so numerous and definite to this proposition that we will not cite other authorities.

It is true that Robinson & Martin could not have taken possession of the boiler, without consent of the seller, until the price was paid, which right of possession by the Iron Works was asserted and protected by making the delivery conditioned upon payment of the price. The right of property passed to the purchaser when the particular boiler was designated, but the right of possession remained with the seller until the draft was paid.

The right of plaintiffs in error to recover the damages is alone before this court.

The learned judge who wrote the opinion in this case did not distinguish between the title to the boiler and the possession of it, hence that court erred in reversing the judgment of the District Court and rendering judgment for the Railroad Company.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*