BAKER–HANNA & CO. v. KEMPNER.
(No. 7607.)

(Court of Civil Appeals of Texas. Galveston.
June 6, 1918.)

CORPORATIONS ⟲⟶503(2)—VENUE—PRIVILEGE
—STATUTE—"CAUSE OF ACTION."

A suit against a corporation for the breach
of a contract for the sale of cotton under a
contract, subject to "Galveston class and
weights," on the ground that the drafts attached
to the bills of lading and paid by plaintiff ex-
ceeded the contract price, was maintainable in
Galveston county under Rev. St. 1911, art. 1830,
subd. 24, as at least that part of the cause of
action arose in that county; "cause of action"
comprehending the agreement between the par-
ties, its performance by one, and its breach by
the other.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Cause of
Action.]

Appeal from District Court, Galveston
County; Robt. G. Street, Judge.

Suit by Mrs. Eliza Kempner against Baker-
Hanna & Co. Defendant's plea of privilege
to be sued in Hardeman county overruled,
and it appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and
Decker & Decker, of Quanah, for appellant.
Williams & Neethe, of Galveston, for ap-
pellee.

GRAVES, J. This appeal is from an order
overruling a plea of privilege. The appellee
sued appellant, a private corporation having
its domicile in Hardeman county, Tex., in
the district court of Galveston county, alleg-
ing the breach of a contract for the sale of
200 bales of cotton by appellant to appellee,
in that it had collected from her in Galveston,
through drafts drawn on her there, with bills
of lading attached, something over $800 in
excess of the agreed price for the cotton,
which sum she sought to recover. Appellant
interposed its plea of privilege to be sued
in Hardeman county, which the court over-
ruled, and it has appealed.

The cotton was shipped in two lots of 100
bales each. The contract price for the first
shipment being 20⅛ cents per pound, that of
the second 17¼ cents, the whole being sub-
ject to "Galveston class and weights." Con-
temporaneously with the shipment, and pur-

suant to provisions in the contract for that procedure, appellant drew the drafts from Quanah upon appellee in Galveston for certain sums, attaching the bills of lading covering the cotton, which were presented to and paid by her there, such payment being necessary, under the terms of the shipment, to give her possession of the. cotton. "Galveston class and weights" could only be ascertained by grading and weighing the cotton in Galveston after its arrival there. Mrs. Kempner alleged and proved that such was done in this instance, and that, when so classed and weighed, the value of this cotton failed by the sum sued for to equal the aggregate amount she had advanced thereon in paying the drafts. Appellant concedes the contract to be as averred, including its provision that the transaction was to be governed by Galveston class and weight, and admits drawing the drafts substantially as charged. We think the suit was maintainable in Galveston county under subdivision 24 of the Revised Statutes, article 1830, for the reason that at least part of the cause of action declared upon arose in that county.

It has been often held that "the cause of action" comprehends the agreement between the parties, its performance by the one and its breach by the other. Here it clearly appears, we think, that appellant breached this contract in Galveston county by collecting from appellee there upon the drafts a larger amount than the value of the cotton represented by the bills of lading. While the drafts were deposited in a bank at Quanah, it actually collected from Mrs. Kempner in Galveston a sum which she alleged, and the proof showed, was in excess of that justly due appellant under the terms of its contract to accept for the cotton what it brought at the agreed price according to Galveston class and weights. In these circumstances, we think a cause of action for recovery of such excess arose in the county where it was collected.

The case of Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co., 146 S. W. 225, cited and relied upon by both litigants here, where the facts were quite similar to those of this case, we think substantiates the conclusion here stated.

Finding no error, the judgment of the court below is affirmed.

Affirmed.