## TEXAS SEED & FLORAL CO. v. SCHNOUTZE. (No. 2110.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 10, 1919. Rehearing Denied March 6, 1919.)

1. CORPORATIONS ⏇503(2)—VENUE.

Where contract of sale of broom corn seed was entered into in D. county, and seed was sent by common carrier to K. county, and buyer was damaged in latter county from fact that seed was cane seed and grew into a field of cane instead of a field of broom corn, cause of action in buyer's favor arose in K. county, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception 24, only in case delivery was in K. county.

2. SALES ⏇202(6)—DELIVERY—COMMON CARRIERS—C. O. D. SHIPMENT.

Property in a C. O. D. shipment passes to purchaser on delivery of goods to carrier, in absence of anything showing intention of parties to contrary.

Appeal from District Court, Kaufman County; J. R. Bond, Judge.

⏇For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. P. Schnoutze against the Texas Seed & Floral Company. Judgment for plaintiff, and defendant appeals. Reversed, with instructions.

Appellee resided in Kaufman county, where he had land on which he wished to grow a crop of broom corn. At his instance one Spikes, in Dallas county, requested appellant, a private corporation under the laws of Texas, and who transacted business in said Dallas county, to send a named quantity of standard broom corn seed C. O. D. to appellee at Terrell, in said Kaufman county. Appellant sent seed as directed, by a common carrier, but, appellee claimed, sent cane instead of broom corn seed, and appellee further claimed he, in ignorance of the fact that they were cane seed, and relying upon same being broom corn seed, planted the seed, and grew therefrom a crop of cane, which was worth more than $3,000 less than a crop of broom corn would have been worth. His suit, commenced in Kaufman county, was for the damages he claimed he had suffered. Appellant, by a plea conforming to the requirements of Act April 2, 1917, amending article 1903, Vernon's Statutes (General Laws, p. 388 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), and duly filed, asserted a right it claimed to be sued in Dallas county, where it resided, instead of in Kaufman county. Appellee, as permitted by said act, controverted appellant's claim, on the ground that his cause of action, or a part thereof, against appellant arose in Kaufman county, and therefore was within exception 24, article 1830, Vernon's Statutes. The appeal is from an order overruling appellant's plea of privilege.

Spence, Haven & Smithdeal and W. J. Rutledge, Jr., all of Dallas, for appellant.

Thos. R. Bond, of Terrell, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It appeared without dispute in the testimony that the contract between the parties was made in Dallas county, and it did not appear that performance thereof on appellant's part was to be in Kaufman county. Therefore, if a cause of action in appellee's favor arose in Kaufman county, it must have been because appellant breached the contract in that county by delivering cane seed there to appellee instead of broom corn seed. It conclusively appeared from the testimony that the instruction of Spikes (representing appellee) to appellant was to send the seed C. O. D. to appellee at Terrell, in Kaufman county; and that appellant, conforming to the instruction, delivered the seed to a common carrier in Dallas county, to wit, the Wells Fargo & Co. Express, for carriage C. O. D. to appellee at Terrell. If the delivery of the seed to the carrier in Dallas county was in legal effect a delivery thereof to appellee, then the court erred when he overruled appellant's plea of privilege; for in that event appellee's cause of action arose in Dallas county and not in Kaufman county. 1 C. J. 1146; 25 Cyc. 1069, 1181, 1182. The rule is stated by the author of the article on "Sales" in 35 Cyc. at page 193, as follows:

"Ordinarily a delivery of goods by the seller to the carrier designated by the purchaser, or to one usually employed in the transportation of goods from the place of the seller to that of the purchaser, is a delivery to the purchaser, the carrier becoming the agent or bailee of the buyer."

There is a conflict in the authorities as to whether the rule stated applies where the delivery to the carrier was for carriage C. O. D. to the purchaser, as it was in this case.

"In some cases," said the author of the article referred to, "it has been held that the property remains in the seller until payment has been made by the buyer, the carrier being considered the agent of the seller; but in other cases it is held that where the shipment is C. O. D. the carrier is the agent of the buyer for the purpose of transportation, and of the seller for the purpose of collection, and unless a contrary intention appears the property in the goods passes upon their delivery to the carrier, although the buyer is not entitled to the possession until payment is made." 35 Cyc. 335; and see also 1 Mechem on Sales, § 793 et seq.

[2] The Court of Criminal Appeals of this state holds to the rule that the property in the C. O. D. shipment passes to the purchaser on the delivery of the goods to the carrier, in the absence of anything showing the intention of the parties to have been to the contrary. Keller v. State, 87 S. W. 669, 1 L. R. A. (N. S.) 489, where the authorities are reviewed by that court. And the Supreme Court, it seems, has adopted the same view of the question. Robinson v. Railway Co., 105 Tex. 185, 146 S. W. 537; and see Lippman v. Jeffords-Schoenman Products Co., 184 S. W. 536. We think, therefore, that the question should be treated as settled in favor of the rule adopted by the Court of Criminal Appeals and approved, in effect, by the Supreme Court. It follows we are of opinion it appeared that appellee's cause of action against appellant arose in Dallas county, and therefore that the trial court erred when he overruled appellant's plea of privilege and refusal to transfer the cause to Dallas county for trial.

The judgment will be reversed, with instructions to the court below to transfer the cause to Dallas county for trial in conformity to the direction in article 1833, Vernon's Statutes.