GUINN v. TEXAS DRUG CO.   (No. 8331.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1920.)

VENUE ☞14—CAUSE OF ACTION FOR SALE OF POISON AS ELIXIR AROSE IN COUNTY OF DELIVERY TO CARRIER, NOT BEING "OFFENSE," "CRIME," OR "TRESPASS."

Where a druggist located in Kaufman county ordered elixir from a drug company located in Dallas county, and the company in good faith delivered certain poison, claimed by the druggist to be formaldehyde, to a carrier in Dallas county for transportation to the druggist, in legal contemplation the delivery was in Dallas county, and the druggist's cause of action for breach of contract and injuries from drinking the formaldehyde arose there, though he drank it in Kaufman county; drug company's conduct not constituting an "offense," "crime," or "trespass," within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 9.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Crime; Offense; Trespass.]

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by F. B. Guinn against the Texas Drug Company. From an order sustaining defendant's plea of privilege, and directing transfer of the cause, plaintiff appeals. Affirmed

Wynne & Wynne, of Kaufman, for appellant.

Crane & Crane, of Dallas, for appellee.

RAINEY, C. J. The appellant brought suit in the district court of Kaufman county, Tex., against the Texas Drug Company, a corporation, with its domicile, principal place of business, and office in the city of Dallas, Dallas county, Tex., alleging, among other things, that in December, 1918, he was engaged in the drug business in the town of Crandall, Kaufman county, Tex.; that in said month he ordered from the appellee two bottles of aromatic elixir for his own use and for sale to his customers; that on the 29th day of December, 1918, he was "suffering' with a bad taste in his mouth," and at the same time was engaged in filling a prescription which called for aromatic elixir; that he opened one of the bottles which he had purchased from the appellee in due course of trade, and which he supposed contained aromatic elixir, and which was labeled "aromatic elixir," and drank some of it; that, instead of the contents of the bottle being aromatic elixir, it was a deadly poison believed by appellee to be "formaldehyde"; that when he drank the liquid believing it ·to be aromatic elixir it strangled and seriously injured him; the nature and extent of the injuries being fully set out. The petition further avers that the alleged poison was caused to be delivered to him by the appellee in Kaufman county, Tex., and that by reason of the "carelessness and negligence" of the appellee appellant was damaged in Kaufman county and injured in said Kaufman county, Tex."; that the appellee, by sending to appellant the poisonous liquid instead of aromatic elixir and labeling the same elixir, perpetrated a fraud upon the appellant in Kaufman county, Tex.

The appellee filed a plea of privilege to be sued in Dallas county, Tex., the county of its domicile, to which the appellant filed a controverting affidavit. In this controverting affidavit the appellant alleged, in substance, that his injuries were inflicted upon him in Kaufman county; that appellee delivered to him in Kaufman county a deadly poison instead of aromatic elixir, which appellee knew to be for use in Kaufman county; that the delivery of the poison "was in violation of the law, especially the Pure Food and Drug Act of the United States and state of Texas; that the injuries complained of by appellant were received in Kaufman county, "and were caused by the carelessness of appellee in violation of the law." Appellee filed a lengthy reply to appellant's controverting affidavit, the contents of which need not be stated. The court, upon the evidence offered in relation to the plea of privilege, sustained said plea and directed the cause to be transferred to Dallas county, Tex. From this ruling and order of the court the appellant perfected an appeal to this court.

The appellant's assignments of error are to the effect that the trial court erred in sustaining appellee's plea of privilege to be sued in Dallas county, because: (1) Suit against any private corporation may be commenced in any county in which the cause of action, or a part thereof, arose; (2) because in all cases of fraud suit may be instituted in the county in which the fraud was committed; and (3) because, when the foundation of a suit is some crime or trespass, suit may be brought in the county where such crime or trespass was committed.

1. The appellant's cause of action did not arise in Kaufman county. The contract for the sale and purchase of the elixir was made in Dallas county, and it does not appear that performance thereof was to be in Kaufman county. Nor did the breach of the contract occur in that county. The undisputed testimony of the appellant is to the effect that appellant was engaged in the retail drug business at Crandall, Kaufman county, and that the appellee was engaged in the wholesale drug business in the city of Dallas, Dallas county, Tex.; tnat appellant sent an order to the appellee at Dallas for two bottles of aromatic elixir. He said:

"The order was sent in to the Texas Drug Company and filled in the usual course of business. I directed them to ship my goods by express most of the time. Some times they came by freight. The goods were billed to me out of Dallas to Crandall, and I received them from the express office. The transaction referred to in this case was handled in the customary and usual manner."

He further testified that appellee, in response to the order in question, sent him formaldehyde instead of aromatic elixir in bottles labeled aromatic elixir, that appellce knew where he (appellant) was to use the "stuff" sold him in Kaufman county, and that the injuries alleged to have been sustained by him occurred in Kaufman county. It also conclusively appears that there was no intention on the part of appellee or its agents to willfully injure appellant. Obviously the appellee, in compliance with the instructions of appellant, delivered the bottles containing the liquid, which appellant says was formaldehyde, and not aromatic elixir, to the express company in Dallas, Dallas county, Tex., for transportation to appellant at Crandall, Kaufman county, Tex. Such delivery was in legal effect a delivery of goods to appellant in Dallas county, and appellee, by delivering to him formaldehyde

instead of aromatic elixir, breached its contract in Dallas county. With this true, appellant's cause of action arose in Dallas county, Tex., and not in Kaufman county. Robinson v. Railway Co., 105 Tex. 185, 146 S. W. 537; Keller v. State (Cr.) 87 S. W. 669, 1 L. R. A. (N. S.) 489; Texas Seed & Floral Co. v. Schnoutze, 209 S. W. 495. The last case cited, which we approve, is very similar in its facts to the case under discussion, and, together with the other cases cited, is, to our mind, decisive of the question.

2. Venue in Kaufman county cannot be sustained on either the theory that a fraud was perpetrated upon appellant in that county or that the foundation of appellant's suit was a crime or trespass committed in Kaufman county. There is absolutely no evidence that appellee or its agents willfully or intentionally expressed to appellant formaldehyde instead of aromatic elixir, or that they entertained the slightest ill will towards him or were actuated by any intention to injure him. As we have said, the contract of sale was one entirely consummated in Dallas county, and the breach thereof, if any, occurred in Dallas county. The fact that appellant drank some of the liquid in Kaufman county and was thereby injured did not give him his "cause of action" in Kaufman county. Whatever cause of action he may have had by reason of appellee's conduct in shipping him formaldehyde instead of aromatic elixir occurred upon the breach of its contract in Dallas county and was in existence at the time he drank the liquid; the effect of drinking the poison and its resultant injury being simply to increase the amount of damages he might recover. The case presented by the record before us is one of negligence on the part of the appellee in shipping to appellant formaldehyde instead of the elixir he ordered. Its conduct in so doing did not constitute an offense or crime or trespass within the meaning or contemplation of exception 9 of article 1830 of Vernon's Civil Statutes, declaring that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile. To constitute a "trespass" as there used something more than mere negligence must be shown. "The act must be committed willfully or the injury inflicted intentionally." Connor v. Saunders, 81 Tex. 633, 17 S. W. 236.

As indicated, the testimony in the present case utterly fails to show that the act of the appellee of which complaint is made was committed willfully or that the injury suffered by appellant was inflicted upon him intentionally.

We believe the judgment should be affirmed; and it is so ordered.

Affirmed.