## PITTMAN & HARRISON CO. v. SHOOK.
### (No. 9415.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 24, 1920.)

Corporations ⚖503(2)—Venue of action for damages as to seed held improperly laid.

Where plaintiff, of H. county, sued defendant corporation domiciled in G. county, alleging that through his agent he ordered winter turf oats, and that he planted the oats, and when they came up they proved to be not winter oats, but common white oats, killed by the freezes, the court erred in overruling defendant's plea of privilege under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception 24, though plaintiff did not know from whom his agent in H. county was to obtain the oats, and though the agent was paid for his trouble, and though defendant sent out a sample of seed to the agent, and in the letter accompanying the same stated that the sample was winter turf oats.

---

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Action by M. S. Shook against the Pittman & Harrison Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Clyde F. Elkins, of Haskell, H. R. Jones, of Corpus Christi, and French & Harney, of Sherman, for appellant.

McConnell, Grissom & McKenzie, for appellee.

BUCK, J. Plaintiff, M. S. Shook, of Haskell county, sued defendant, Pittman & Harrison Company, a corporation, domiciled at Sherman, Grayson county, Tex. Plaintiff alleged that on or about August 27, 1918, through his agent, he ordered from defendant 65 bushels of winter turf oats at $1.75 per bushel, that the defendant represented that the seed so sold were capable of withstanding a very severe winter, and that said oats would afford very good grazing and yield splendidly in a dry and severe winter. He further alleged that he planted the oats, and when they came up' they proved not to be winter turf oats, but common white oats or some inferior grade, and that they were killed by the freezes, and that he lost $999.-75, including the cost of preparing the ground, planting, and cultivation. Pittman & Harrison Company filed its plea of privilege in due form to be sued in Grayson county. The plaintiff filed his controverting plea, and evidence was heard, and a judgment was rendered overruling the plea, from which defendant has appealed.

The sustaining of the venue in Haskell county is dependent upon the application of tha terms of exception 24, under article 1830, V. S. Tex. Civ. Statutes, which reads in part as follows:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

The evidence shows that plaintiff went to R. E. Sherrill, doing an elevator business in Haskell, and asked him if he could get him some winter turf oats. Mr. Sherrill replied that he would try, and wrote to a number of places, asking about such seed. Finally he received a sample of winter turf oats from the defendant company. He ordered 65 bushels, intending to keep 15 bushels himself. The oats were billed as winter turf oats. When they reached Haskell, plaintiff was notified, and sent a wagon for his 50 bushels and paid for them. Later Mr. Sherrill paid for the entire 65 bushels. He told plaintiff he would · charge, and did charge, him 25 cents a bushel for the trouble, and estimated that the freight charges amounted. to 25 cents a bushel. At any rate, plaintiff paid Sherrill $2.25 a bushel for the seed. He knew before the seed were ordered that they were to be ordered from Sherman, but did not know from whom they were to be ordered.

Did a part of plaintiff's cause of action arise in Haskell county? In Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642, it is said:

"This court has held that a cause of action consists as well of the right of the plaintiff as of the injury to that right. Phillio v. Blythe, 12 Tex. 127."

See Kell Milling Co. v. Bank, 155 S. W. 325; Wright v. Graves, 198 S. W. 998; Cummer Mfg. Co. v. Kellam Bros., 203 S. W. 463; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co., 203 S. W. 79; Baker Hanna & Co. v. Kempner, 204 S. W. 350.

In Guinn v. Texas Drug Co., 219 S. W. 507, the Dallas Court of Civil Appeals held that where a druggist in Kaufman county ordered elixir from a Dallas drug company, and the company delivered, in good faith, a certain poison, and the druggist in Kaufman county drank of the same, that the cause of action for the injury arose in Dallas county. In Keller v. State, 87 S. W. 669, 1 L. R. A. (N. S.) 489, the Court of Criminal Appeals held that where liquor was turned over to a common carrier under a C. O. D. shipment that prosecution for illegal sale in the county of the destination could not be sustained. See, also, Robinson & Martin v. H. & T. C. Ry. Co., 105 Tex. 185, 146 S. W. 537, in a case holding that neither payment of the price nor actual delivery is necessary to pass title. In Texas Seed & Floral Co. v. Schnoutze, 209 S. W. 495, where a sale of broom corn seed was entered into in Dallas county, but the seed were sent to Kaufman county, where they were planted and proved to be cane seed, it was held that the venue in a suit against the seed company was in Dallas county. In 35 Cyc. p. 106, under the head of "Sales," it is said:

"Ordinarily a delivery of goods by the seller to the carrier designated by the purchaser, or to one usually employed in the transportation of goods from the place of the seller to that of the purchaser, is a delivery to the purchaser, the carrier becoming the agent or the bailee of the buyer."

From these authorities, and others which we have examined, we conclude that the plea of privilege of the defendant should have been sustained. If Pittman & Harrison Co. v. Boatenhamer, 210 S. W. 973, is to be considered as contrary to the other authorities cited, we are of the opinion that the decision is contrary to the trend of authorities upon the subject. The evidence in this case shows that Sherrill ordered the seed from Pittman & Harrison Company and that he paid the freight thereon to Haskell.

Therefore, if Pittman & Harrison Company sent other seed than those ordered, such breach was committed in Grayson county. The discovery of such breach by Shook in Haskell county would not constitute any part of the cause of action and place the venue thereof in the latter county. · Nor would the fact that defendant sent out a sample of seed to Mr. Sherrill, and that in the letter accompanying same it was stated that the sample was winter turf oats, affect the question of venue of an action arising out of the subsequent breach in sending other than winter turf oats in response to the order. The cause of action which plaintiff relies on is based on the mistake occurring at the time the 65 bushels were sent.

The judgment below will be reversed, and the cause remanded with instructions to the trial court to transfer the cause to the county court of Grayson county.

---

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes