**FERGUSON SEED FARMS v. ASH et al. (No. 3085.)**

(Court of Civil Appeals of Texas. Texarkana. June 10, 1925. Rehearing Denied June 25, 1925.)

Venue ⬥➡7—Title to goods sold "f. o. b." point of shipment, and consigned to buyer in an- other county under bill of lading to shipper's order, held to vest in buyer upon delivery to carrier.

Title to goods sold f. o. b. point of ship- ment, and consigned to buyer in another county under bill of lading to shipper's order, with draft attached, *held* to vest in buyer on delivery to carrier, so that for a breach of the warranty as to quality of goods shipped the buyer was required to sue the seller in the county in which delivery was made to the carrier; terms f. o. b. in many instances implying delivery at point of shipment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, F. O. B.]

Appeal from District Court, Grayson Coun- ty; Silas Hare, Judge.

Action by the Ferguson Seed Farms against William Ash and others. From an order sus- taining a plea of privilege and directing a transfer of the case, plaintiff appeals. Af- firmed.

T. C. Andrews, of McKinney, for appel- lant.

Freeman, McReynolds & Hay, of Sherman, for appellees.

---

HODGES, J. This appeal is from an order of the trial court sustaining a plea of privilege and directing a transfer of the case. The appellant is a private corporation domiciled in Grayson county, Tex. The appellee resides in Randall county, Tex. The appellant filed this suit in the district court of Grayson county to recover $840 as damages for the breach of a contract. The material facts are thus stated in the findings and conclusions made and filed by the trial court:

"(2) In December, 1919, and January, 1920, the plaintiff and defendant entered into a contract whereby the defendant contracted to sell and deliver to the plaintiff five cars of Red Top cane seed. The destination of this shipment was Sherman, Tex., where the weights and grades were to govern. They were sold f. o. b. Umbarger, Tex., which is in Randall county. The first car was delivered, and there was an overcharge of $97.05 which was charged by the plaintiff against the defendant, and was a proper charge. The second of said cars arrived in Sherman. was found to be in a damaged condition and unsuitable for the purposes for which the seed had been contracted, whereupon the plaintiff, the Ferguson Seed Farms, in the exercise of due diligence, handled said seed to the best advantage, and made disposition of the same, crediting defendant with the amount so received, leaving a balance due the plaintiff by the defendant on this car of $840, which is the amount sued for here.

"(3) When the cars were shipped from Randall county the defendant, William Ash, made draft on the plaintiff for the amount of the shipment, with bill of lading attached. The bill of lading was to shipper's order, and the plaintiff could only obtain possession of the bill of lading and of the seed shipped by payment of the draft, and the plaintiff did not know, and had no way of knowing. that the car of seed was in a damaged condition until it had paid the draft, obtained the bill of lading, and made inspection of the contents of the car. The draft was sent from Randall county to Sherman, was presented through a local bank in Sherman to the plaintiff, and it was paid there.

"Conclusions of Law.

"It appearing to the court that this contract was for the sale of the property in Randall county, and the delivery made f. o. b. Randall county, the sending of draft with bill of lading attached to Sherman for collection does not give the courts of Grayson county jurisdiction, in view of the fact that the defendant is and has all the time been a resident of Randall county, and the plea of privilege is therefore granted, and the clerk will transmit to the district court of Randall county the record in this case."

The controlling question is: Did the writings relied on to establish the contract bind the shipper to deliver the goods at Sherman in Grayson county? The court concluded that they did not. It is true the terms f. o. b. do not always imply a delivery at the point of shipment, but in many instances they do. In Robinson & Martin v. H. & T. C. R. Co., 105 Tex. 185, 146 S. W. 537, the Supreme Court held that under the terms of a shipper's order bill of lading the title vested in the consignee upon a delivery of the goods by the consignor to the carrier. See, also, Marcus v. Armer (Tex. Civ. App.) 253 S. W. 588. If that rule be applied in this case the title to the goods vested in the appellant at Umbarger, Tex., when delivery at that point was made by the appellee to the carrier. This is not a suit to enforce payment of the purchase price, but one for breach of warranty as to the quality of the goods shipped.

The suit will therefore be affirmed.