THE STONE FORT NATIONAL BANK OF NACOGDOCHES V. HONORABLE R. W. HALL, CHIEF JUSTICE, ET AL.

No. 6103.   Decided June 24, 1933.
(62 S. W., 2d Series, 86.)

*Underwood, Johnson, Dooley & Simpson,* of Amarillo, and *Hodges & Greven,* of Nacogdoches, for relator.

In addition to authorities cited in opinion: 40 Cyc., p. 80; Guaranty State Bank v. First National Bank, 127 Okla., 292, 260 Pac., 508; Reid Bros. v. Reisto (Civ. App.), 247 S. W., 350; San Antonio Life Ins. Co. v. Trammell (Civ. App.), 188 S. W., 718; Planters Cotton Oil Co. v. Whitesboro Cotton Oil Co. (Civ. App.), 146 S. W., 225.

*Dennis Zimmerman,* of Tulia, for respondents.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

Relator being without the remedy of a writ of error because the action of the trial court upon a plea of privilege is an interlocutory order within the final jurisdiction of the Court of Civil Appeals, seeks a writ of mandamus requiring the Honorable Justices of the Court of Civil Appeals for the Seventh Supreme Judicial District to certify to the Supreme Court, an alleged conflict between the decision on the question of venue, in this case, and the decision of other Courts of Civil Appeals (naming them) on the same question.

*First:*—In the instant case the facts are: B. L. Forbess, a resident of Randall County, Texas, deposited to his own credit and subject to his check, the sum of $300.00, in the Stone Fort National Bank, having its office and place of business in Nacogdoches County, Texas.

Afterwards Forbess drew his draft on the Stone Fort National Bank in favor of the First National Bank of Canyon, located in Randall County, for the amount of such deposit; payment was refused by the drawee, and the draft protested for nonpayment at a cost of $1.81 protest fees.

Forbess then filed suit in Randall County against the Stone Fort National Bank and alleged that he was engaged in buying and selling cattle and the failure to pay his draft injured and damaged his credit in Randall County and compelled him to borrow money and pay interest thereon in lieu of the amount of the deposit, so alleged wrongfully withheld by the drawee bank. He further alleged that failure to pay said draft rendered him unable to make certain business deals in Randall

County from which he would have derived profits. It was alleged also, that the refusal to pay said draft was willful and malicious and a recovery was sought in the sum of $5,000.00 actual and $5,000.00 exemplary damages, in addition to the amount of the deposit and interest.

The bank filed its plea of privilege to be sued in Nacogdoches County, which was controverted by Forbess, and venue claimed in Randall County under Sub. 23 of Art. 1995, Rev. Stat., 1925, as follows:

"23.—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such porporation, association or company has an agency or representative or in which its principal office is situated," on the proposition that plaintiff was damaged in Randall County, and that part of his cause of action arose in that county.

The trial court overruled the plea of privilege. The Court of Civil Appeals affirmed the trial court, and held that the testimony going to show injury to the financial standing and credit of Forbess came from witnesses residing in Randall County, where he also resided and from which county he operated as a dealer in cattle. In other words, that the damages incident to the bank's refusal to pay the draft occurred and resulted in Randall County and therefore venue was properly laid there, notwithstanding the draft was, so far as the bank is concerned, payable at its office in Nacogdoches and its refusal and consequent breach, if any, of its contract to repay the deposit, occurred there.

*Second:*—In Guinn v. Texas Drug Company (Civ. App.), 219 S. W., 507 (a decision alleged to be in conflict), the facts were: Guinn, a druggist in Kaufman County ordered for his own use and that of his customers two bottles of aromatic elixir, from the Texas Drug Company in Dallas. Instead, the drug company shipped by express, formaldehyde in two bottles labeled aromatic elixir which were billed to and received by Guinn in Kaufman County. He opened and drank some of the contents of one of the bottles, resulting in personal injuries for which he sued the drug company in Kaufman County, claiming venue there under the same statutory provision as venue is claimed in the instant case.

The Court of Civil Appeals for the Fifth Supreme Judicial District held that the contract was made and breached in Dallas County, that the cause of action was there and the fact that he was injured by drinking some of the liquid in Kaufman County

did not confer venue in Kaufman County but venue was in Dallas County.

In Pittman & Harrison Company v. Shook (Civ. App.), 228 S. W., 993 (a decision claimed to be in conflict), the facts alleged were: Shook, a resident of Haskell County, ordered through his agent, from Pittman & Harrison Company, domiciled in Grayson County, a certain number of bushels of winter turf oats, on the representation that the seed was capable of withstanding a very severe winter, and that the oats would afford good grazing and yield splendidly in a dry and severe winter. That the oats were received and planted in Haskell County but when they came up, they proved, not to be winter turf oats, but common white oats of an inferior grade and were killed by the freezes, resulting in a loss of $999.75, including the cost of preparing the ground, planting and cultivation. Suit was brought in Haskell County for the recovery of such damages. The Court of Civil Appeals for the Second Supreme Judicial District held that the transaction and breach of contract occurred in Grayson County and venue was in that county, that the cause of action is based upon the breach occurring when the oats were shipped.

In Texas Seed & Floral Co. v. Schnoutze (Civ. App.), 209 S. W., 495, a suit for damages because of an alleged breach of contract to ship a certain kind of seed to appellee, resulting in damages because of the planting of such seed, was brought in Kaufman County where appellee lived, against appellant, transacting business in Dallas County.

The Court of Civil Appeals for the Sixth Supreme Judicial District held that the contract was made in Dallas County, was performable there, and venue in a suit for any damages resulting from or growing out of its breach was in Dallas County.

■ We think the cases are in conflict and recommend that the writ of mandamus issue requiring respondents to certify for decision the question of law involved in such conflict.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.

C. M. CURETON, Chief Justice.