**LINDE AIR PRODUCTS CO. et al. v. PAGE et al.**

No. 12887.

Court of Civil Appeals of Texas. Dallas.

July 29, 1939.

Rehearing Denied Oct. 14, 1939.

Motion for Leave to File Mandamus Overruled Nov. 15, 1939.

See 132 S.W.2d 579.

Thompson, Knight, Baker, Harris & Wright, Pinkney Grissom, and James E. Henderson, all of Dallas, for appellants.

Jones & Jones and J. Edwin Smith, all of Longview, for appellees.

BOND, Chief Justice.

This is an appeal from an order overruling appellants' pleas of privilege. Appellees instituted suit against appellants, jointly and severally, in the District Court of Van Zandt County, Texas, for damages growing out of an explosion, resulting in the death of G. F. Page, proximately caused by appellants delivering to him a drum of carbide, which was represented to be the kind, type, and quality that could be used safely in his generator to produce heat and power for lights and other domestic purposes at his home in Van Zandt County; but which was, in fact, an improper and unfit type and quality of carbide, inherently dangerous, and unsafe for use in the kind of generator employed by Mr. Page.

Appellees, by controverting affidavits, sought to maintain the suit in Van Zandt County: (1) On numerous acts of alleged negligence in packing, delivering and labeling the carbide in question; (2) on an alleged express and implied warranty that the carbide was a proper and fit type and quality for the uses for which it was intended; and (3) on alleged fraudulent misrepresentations as to the safety and fitness of the carbide which they delivered to Mr. Page, thereby concealing the inherent danger incident to its use. On these grounds, appellants being private corporations, and the explosion of the generator and death of Mr. Page having occurred in Van Zandt County, appellees contend that venue lies in that County under Sec. 7, Art. 1995, R.S.1925, which provides that suits based upon fraud may be brought in the county in which the fraud was committed; and, under Sec. 9, Id., suits based upon trespass may be brought in the county in which such trespass was committed; and under Sec. 23, Id., suits against private corporations may be brought in the county in which the cause of action, or a part thereof, arose.

The trial court overruled the pleas of privilege, but in its order did not indicate which of the several grounds, alleged for holding venue in Van Zandt County, was relied upon by the court in overruling the pleas of privilege. However, we cannot sustain the action of the trial court on any

of the grounds alleged, for the reason that the cause of action did not arise in Van Zandt County. Whatever cause of action appellees may have against appellants, or whatever negligent act appellants may have committed, or whatever warranty they may have made, or whatever breach of duty may have occurred in the alleged transaction, is entirely accountable in Dallas County. Each of the appellants reside in Dallas County, and none had an agent in Van Zandt County, and neither is shown to have had any transaction with Mr. Page in Van Zandt County; but, on the contrary, the alleged transaction was entirely consummated in Dallas County. After the negotiation for the purchase of the carbide, it was delivered to Mr. Page f.o.b. Dallas, Texas; and the fact that Mr. Page used the carbide in Van Zandt County and was injured and killed in that County does not give rise to a cause of action against appellants in that County under Sec. 23, Art. 1995, supra.

The undisputed testimony is to the effect that Mr. Page had a certain type of generator on his farm in Van Zandt County, to produce heat and power for lights and other domestic purposes, in which generator he used a certain kind and quality of carbide. He communicated by mail, addressing letter to Union Carbide Sales Company, Dallas, Texas, for prices on calcium carbide, designating "Union Carbide", suitable for his type of generator, and the kind he had theretofore been using. This particular type of carbide is a product manufactured, processed, and labeled by The Linde Air Products Company, a foreign corporation, at its out-of-state manufacturing plants, shipped in 100-lb. sealed steel drums to distributing points for sale and distribution. The Linde Air Products Company of Texas, a domestic corporation, was the manufacturer's distributing agent in Texas, with headquarters at Dallas, and, as the manufacturing company processed, labeled and shipped the drums of carbide to it, the drums were stored with the Dallas Transfer & Terminal Warehouse Company, another Texas corporation, at Dallas. At the time of the transaction here involved, there were some 300 drums of the Union Carbide in storage with the Warehouse Company.

On receipt of Mr. Page's letter making inquiry of the kind of carbide he had been using, a Mr. Tittsworth, an employe of the Dallas Transfer & Terminal Company, made answer by mail, advising Mr. Page, viz: "In reply to your letter of December 28th: For your J. B. Colt lighting plant the proper size carbide is ¼ by ¹⁄₁₂ and our price is $5.85 per drum of 100 lb, f.o.b. our Dallas warehouse. Enclosed order blanks and addressed envelopes so that any order you might favor us will receive prompt attention. (Signed) Union Carbide Sales, Lee Tittsworth, Clerk." The testimony is silent as to whether Mr. Page ever sent an order for the carbide in accordance with the suggestion of Mr. Tittsworth; however, it is shown that the Dallas Transfer & Terminal Company shipped to Mr. Page a sealed steel drum of 100 pounds of carbide, manufactured and processed by The Linde Air Products Company, and handled by its Dallas distributing agent, bearing the label "Union Carbide", and on the drum was stenciled the type and quality of carbide which Mr. Page had theretofore been using. Thus, we may well assume, for the purpose here, that Mr. Page ordered the carbide as indicated in the reply letter of Mr. Tittsworth. There is further testimony in the record tending to show that the drum of carbide was mislabeled, was of a finer texture than was ordered, and not suitable for use in Page's generator. However, with this true, the record leaves to conjecture that the carbide actually delivered to Mr. Page at Dallas, Texas, caused the explosion of the generator. Even so, without deciding, we think appellee's cause of action arose entirely in Dallas County. Guinn v. Texas Drug Company, Tex.Civ. App., 219 S.W. 507; Texas Seed & Floral Co. v. Schnoutze, Tex.Civ.App., 209 S.W. 495. Indeed, the calculating damages to appellees, as members of Mr. Page's family, because of his death, occurred in Van Zandt County; however, the cause of action against appellants for which the damages are sought did not arise in that county.

Venue in Van Zandt County cannot be sustained on either the theory that a fraud was perpetrated upon Mr. Page in that County, or that either of the appellants committed a trespass in that County. There is no contention that appellants or their agent wilfully or intentionally shipped to Mr. Page carbide unfit for the purpose intended, or mislabeled the steel drum, for the purpose of deceiving the purchaser thereof, nor is it contended that either of them entertained any ill will toward Mr. Page, or was actuated by the slightest intention to injure him. If appellants, or either of them, were guilty of any act which resulted in damage to appellees, be-

cause of the delivery of carbide not suited to the type of generator for which it was ordered, such cause of action could only be based, if at all, upon actionable negligence, arising entirely in Dallas County.

It follows that appellees' cause of action against appellants arose in Dallas County,—the representations as to the property sold were made in Dallas County, and the property, shipped C.O.D. Dallas, Texas, passed to the purchaser on the delivery of the goods to the carrier in Dallas County. Robinson & Martin v. Houston & T. C. Railroad Co., 105 Tex. 185, 146 S.W. 537; Lippman v. Jeffords-Schoenmann Produce Co., Tex.Civ.App., 184 S.W. 534. Therefore, the judgment of the trial court will be reversed, appellants' pleas of privilege sustained, and the cause transferred to the District Court of Dallas County, Texas.

Reversed and rendered.