## RIO GRANDE VALLEY CITRUS EX-CHANGE et al. v. LECHE & LECHE, Inc.

### No. 13080.

Court of Civil Appeals of Texas. Dallas.

Oct. 26, 1940.

Rehearing Denied Nov. 23, 1940.

Hill, Greer & Franki, of Mission, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellants.

Guthrie & Guthrie, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an order of the trial court, sustaining venue of a suit in Dallas County against proper pleas of privilege. Plaintiff seeks to maintain its suit against the defendant, Rio Grande Valley Citrus Exchange, a corporation, in Dallas County, on the ground that a part of the cause of action arose in that County, in that plaintiff performed a substantial part of its obligation in that County, Art. 1995, subd. 23, R.C.S.1925, Vernon's Ann.Civ.St. art. 1995, subd. 23; and against the other defendants (fourteen associations), as members of the Exchange, in that they are necessary and proper parties to the suit against the primary defendant, Rio Grande Valley Citrus Exchange. Subds. 5 and 29a, ib.

■ The basis of plaintiff's suit against the Exchange is a written contract, attached to its pleadings, entered into by the Exchange and plaintiff, whereby plaintiff, Leche & Leche, Inc., was employed to promote advertising programs and sales of citrus fruits from Texas Rio Grande Valley, for which it was to be paid, by the Exchange, certain commissions on moneys expended, and reimbursed for all expense outlay in the promotion of such program and sales. The contract was entered into by the parties in Hidalgo County, Texas, residence of the Exchange, and contains nothing specifying where the advertising and sales should be performed, and certainly no provision is made therein for performance of any part of the contract in Dallas County. Plaintiff was privileged to exercise its own discretion in the performance of this work at any place, or in any county in Texas. Indeed, it may have been, and possibly was, within the contemplation of the parties that the work under consideration, or rather a part thereof, would be performed in Dallas County. We can conceive of no reason why Dallas County, or any other county of the state, should have been excluded from the program. Be that as it may, however, the contract does not correspond with any such contemplation; there is no proof of such in the record, and no act or omission is alleged or proven that would give rise to any breach of contractual duties accruing in Dallas County, on the part of the Exchange. The only complaint or grievance against the Exchange is its failure to pay the contracted commissions. It is well settled in this state that mere allegation and proof of damage, or loss of salary or com-

mission, in the absence of some legal obligation impelling payment or performance of the contract, or some part of the contract, in the county where such damage or loss occurred, does not confer venue of a suit on the courts of that county. Linde Air Products Co. et al. v. Page et al., Tex.Civ. App., 131 S.W.2d 1057; Page v. Bond, 134 Tex. 90, 132 S.W.2d 579. The venue of plaintiff's suit does not hinge upon contractual relation between the parties, but upon damages or loss of profit or commissions arising therefrom.

■■ Art. 1995, subd. 23, R.C.S., permitting corporations to be sued in any county in which the "cause of action", or any part thereof, arose, requires that either "some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676; Graves v. McCollum & Lewis, Tex.Civ.App., 193 S.W. 217; Guinn v. Texas Drug Co., Tex.Civ.App., 219 S.W. 507; Pittman & Harrison Co. v. Shook, Tex.Civ.App., 228 S.W. 993; Texas Seed & Floral Co. v. Schnoutze, Tex.Civ. App., 209 S.W. 495; 67 C.J. 94. This statute does not authorize the maintenance of an action against a private corporation in any county where the work was performed and the damage or loss suffered, against a plea of privilege, in the absence of the corporation's having taken some part in the primary transaction producing such results. It is neither alleged nor shown by proof that the Exchange, by contract or otherwise participated in the advertisement or sale of products in Dallas County, for which plaintiff sues for commissions.

■■ In the case of Carver Sound Equipment Co., Inc., v. Tonahill, Tex.Civ. App., 128 S.W.2d 860, analogous to other cases cited, relied upon by appellee to sustain venue in the case at bar, it will be seen that the contract forming the basis of the suit expressly provides for performance in McLennan County where the suit was instituted, consequently the defendant corporation participated in the transaction in that county, thereby conferring venue there. The opinion is in harmony with the holding of the Supreme Court in Stone Fort Nat. Bank v. Forbess, supra, that the venue of the suit was in McLennan County because of the express provision of the contract. Such is not the case here; there

is nothing in this case showing that the Exchange participated in any transaction in Dallas County, or contracted to perform any obligation in Dallas County; therefore, venue of the suit does not lie in Dallas County; likewise, venue of suits against the allied associations, brought into the suit solely on plaintiff's claim that they are necessary parties to the primary action against the Exchange (under Art. 1995, subds. 5 and 29a), does not lie in Dallas County.

The judgment of the court below is reversed and here rendered, sustaining the pleas of privilege of the various appellants, and venue of the cause is transferred, in accordance with the Venue Statute of the state, Art. 2020 R.C.S., to the District Court of Hidalgo County, Texas.

Reversed and rendered.