## HENDRIX v. EVERETT.
### No. 9737.

Court of Civil Appeals of Texas. Austin. Oct. 20, 1948.

Rehearing Denied Nov. 10, 1948.

Edward W. Halbardier, of San Antonio, for appellant.

Smith, Rotsch & Steakley, by Zollie C. Steakley, all of Austin, for appellee.

HUGHES, Justice.

A venue case in which appellant's plea of privilege was overruled.

There are no findings of fact or conclusions of law by the trial judge.

This is a damage suit based upon the following facts, which are either undisputed or found in favor of the judgment:

Appellee, L. S. Everett, a resident of Travis County, having decided to enter the roofing business, went to San Antonio, in Bexar County, about November 1, 1946, for the purpose of inspecting and acquainting himself with some of the machinery which he would need. There he went to the Alemite Company, the assumed name of appellant, E. G. Hendrix, and was shown a model 60 LeRoi Air Compressor, trailer type, which was powered by a gasoline motor, the function of which was to supply air pressure and spraying a roof with roofing material. The machine was apparently new and no demonstration of it was made. This was the only such machine in stock and appel-

lee was advised to take the machine if he intended to go into business in the near future. And he testified, "I decided I had better get the machine, better purchase it while I was there." The machine and other equipment was then ordered by appellee, who advised appellant that he was in no hurry for delivery as he would not go into business until after the first of the year. About ten days later the machine was shipped by Brown Express, C.O.D., to appellee in Austin, where it was stored in the William Cameron Company Warehouse. Appellee was present when the machine was received and stored, and he saw, "tied to the motor," a red tag, about 6" x 10", on one side of which was printed in large letters the word "Caution" and on the other side of which was printed, "This Unit Has Been Completely Drained—Re-Fill—Before Starting. Le-Roi Company." Appellee did not then check the motor for water or oil, stating that he relied upon the information given on the red tag.

The machine was stored under lock, appellee carrying the key. During its storage prior to discovery of the defect hereafter mentioned, appellee did not put oil or water in the machine, check it for oil or water, or operate it.

In the early part of January 1947, appellee, making ready to commence his roofing business, took his truck to the warehouse to move the machine, and for the first time discovered that the motor block of the machine was "cracked wide open." He checked the pet cock at the bottom of the radiator and found some water.

Appellant admitted that he had put water in the radiator so that the motor could be run, as this was necessary to keep the battery charged.

It is shown that during the first six days of January 1947 the minimum temperature in Austin ranged from 15° to 32°.

Appellee sought to hold venue in Travis County under the trespass and fraud exceptions to the general venue rule, being Subs. 9 and 7, respectively, of art. 1995, Vernon's Ann.Civ.St.

The trespass is said to consist of (a) placing water in the radiator of the motor of the new compressor unit, and (b) placing the red warning tag on the unit carrying a false representation.

■ "* * * the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty." Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S.W. 645, 646, construing Subdivision 9 of art. 1995, and quoted with approval in Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

The act of putting water into the radiator of the machine was not a wrongful act. It was a very prudent act if the motor was to be started.

If appellant owed appellee a duty to inform him that water was in the radiator, this was a mere failure or omission "to do a duty"; and the same may be said of the failure to drain the unit.

Furthermore, the water was placed in the radiator in Bexar County, the machine was bought and sold in Bexar County, and the failure to inform appellee about the water and the failure to drain the unit occurred in Bexar County.

The red tag was attached to the machine in Bexar County and the failure to remove it, a passive act, occurred in Bexar County. All of the transactions with reference to the sale and purchase of this machine took place in Bexar County. Neither appellant nor any of his agents were ever in Travis County, so far as this record shows.

We will briefly review the Texas cases cited by appellee.

In Jackson v. McClendon, 143 Tex. 577, 187 S.W. 374, the court held that the act of filling a well with liquid cement, without having set up and connected machinery of sufficient capacity to remove the cement before it hardened, was a trespass and a positive act of negligence.

In Universal Mills v. Kennedy, Tex.Civ. App., San Antonio, 27 S.W.2d 318, the court held that negligently permitting pieces of metal to be placed in sacks con-

taining food for dairy cattle was a positive tortious act.[1]

In Lyle v. Waddle, 144 Tex. 90, 188 S. W.2d 770, the court held that the negligent or unskillful setting and bandaging of a broken arm in Washington County by a physician, from which injury subsequently resulted in Austin County, did not constitute a trespass in the latter county.

In Winter v. Terrill, 42 Tex.Civ.App. 598, 95 S.W. 761, drugs were sent by defendants from Dallas County to plaintiff in Jones County where they were used by plaintiff on the faith of false and fraudulent representations made by the agent of defendant in Jones County. Venue was sustained in Jones County on the grounds that a fraud and trespass had been committed there.

None of these cases is, in our opinion, authority for holding, under the facts of this case, that a trespass occurred in Travis County.

The sole basis for fraud on the part of appellant is the red tag attached to the motor on which was printed the warning that the unit had been completely drained.

Appellee bought the machine in Bexar County and even though it was shipped to appellee in Travis County C.O.D., title passed to appellee when the machine was delivered to the transportation company in Bexar County. Robinson & Martin v. Houston & Texas Cent. Ry. Co., 105 Tex. 185, 146 S.W. 537.

A very similar state of facts is found in Kasch v. Williams, Tex.Civ.App., San Antonio, 251 S.W. 816, 817. The suit was over the quality of cotton seed sold to plaintiff in Hays County and shipped to and planted by him in Johnson County. Tags, falsely representing the quality of the seed, were placed in the sacks. In holding that venue could not be sustained in Johnson County, Judge Fly said: "The representations on the tags were made in connection with the contract which was to be performed in Hays county. The seed were delivered on cars in San Marcos and the money then was to be paid in San Marcos. While the tags might form a basis for damages for fraud, the venue would be in Hays county. * * * The purchase had been consummated when appellants saw the tags, which were placed in the sacks."

To the same effect is Linde Air Products Co. v. Page, Tex.Civ.App., Dallas, 131 S.W.2d 1057, Mandamus Refused, Page v. Bond, 134 Tex. 90, 132 S.W.2d 579.

See also Guinn v. Texas Drug Co., Tex. Civ.App., Dallas, 219 S.W. 507, Pittman & Harrison Co. v. Shook, Tex.Civ.App., Ft. Worth, 228 S.W. 993, Texas Seed & Floral Co. v. Schnoutze, Tex.Civ.App., Texarkana, 209 S.W. 495.

The holdings in these cases caused the Supreme Court to grant a mandamus in Stone Fort Nat. Bank of Nacogdoches v. Hall, 122 Tex. 526, 62 S.W.2d 86. They were given approval in Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674.

While the three primary cases cited in the preceding paragraph were against private corporations, and Sub. 23, art. 1995, was unsuccessfully invoked to sustain venue under facts very similar to those found in this record, it necessarily follows that if no part of the cause of action arose in the county of suit under Sub. 23 in those cases, that no fraud was committed in such county under Sub. 7.

We, therefore, hold that appellant committed no trespass or fraud in Travis County.

The judgment appealed from is reversed with instructions to the trial court to sustain appellant's plea of privilege and transfer this suit to one of the District Courts of Bexar County.

Reversed with instructions.

[1] This case seems to be in conflict with the decision in Metzger Dairies v. Wharton, Tex.Civ.App., Eastland, 113 S.W.2d 675, which was cited with approval by the Supreme Court in Barron v. James, 145 Tex. 283, 198 S.W.2d 256. See also Whitson Food Products Co. v. McClung, Tex.Civ.App., Eastland, 206 S.W.2d 659.