**WEST TEXAS UTILITIES COMPANY,**
Appellant,

v.

**ALPINE ENTERPRISES, LTD., et al.,**
Appellees.

No. 4575.

Court of Civil Appeals of Texas,
Eastland.

Nov. 10, 1972.

Wagstaff, Harrell, Alvis, Erwin & Stubbeman, Robert H. Alvis, Abilene, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, Fred S. Stradley, Dallas, for appellees.

McCLOUD, Justice.

This is a venue case. Plaintiff, West Texas Utilities Company, sued Alpine Enterprises, Ltd., Alpine Enterprises, Inc., and John C. Starley in Taylor County for services rendered in installing an underground electrical system at a motel located in Brewster County. The defendants, all residents of Brewster County, filed pleas of privilege which were controverted. The court granted defendants' pleas of privilege and transferred the suit to Brewster County. Plaintiff has appealed. We affirm.

Plaintiff argues that venue was proper in Taylor County under Subdivisions 23 and 29, Article 1995, Vernon's Ann.C.S., because a part of its cause of action arose in Taylor County.

Plaintiff sued for the difference between the cost of a standard overhead distribution system and the underground system installed. Plaintiff does not contend that the contract was entered into or was payable in Taylor County. The evidence

shows that plaintiff's distribution engineer went from the home office in Taylor County to the motel site in Brewster County to discuss with defendant, John C. Starley, the proposed underground system. Following the discussion the engineer testified that he returned to Abilene, Taylor County, where he performed certain engineering work in connection with the Brewster County project. Plaintiff says that because of the services performed by its engineer in Abilene a part of its cause of action arose in Taylor County. We disagree.

The services performed by plaintiff was the installation of the underground electrical system at the motel site in Brewster County. It was not shown that defendants contemplated that any services would be performed in Taylor County and plaintiff cannot establish venue by its unilateral act. Rio Grande Valley Citrus Exchange v. Leche & Leche, 144 S.W.2d 1015 (Tex. Civ.App., Dallas 1940, no writ); McDonald Texas Civil Practice, Vol. 1, § 4.30.2.

The judgment is affirmed.