## CARVER, FRIERSON & COMPANY v. N. C. GRAVES.

### Decided November 16, 1907.

**1.—Contract to Buy—Breach—Charge.**

In a suit for damages for breach of a contract to buy a lot of cotton, the owner having sold the cotton at a reduced price and it being a controverted issue whether or not he used due diligence in making said sale, it was error for the court to charge the jury that the measure of damage was the difference between the contract price and the price obtained, thus taking from them the question of diligence in reselling the cotton.

**2.—Same—Diligence.**

Where the buyer of property refuses to receive the same as per contract, and the seller adopts the remedy of reselling, it is his duty to resell in a reasonable time and at the best price he can reasonably obtain, and when the evidence leaves any room for controversy as to whether he has pursued this course, the issue is one of fact for the jury.

**3.—Pleading—General Denial.**

Where an issue is tendered or raised by plaintiff's petition, a general denial is sufficient to admit defensive evidence.

Appeal from the County Court of Tarrant County. Tried below before Hon. R. F. Milam.

*Spoonts, Thompson & Barwise* and *L. M. Neblett,* for appellants.— The measure of damages for failure to receive and pay for the personal property under contract of sale, is the market value of the property at the time and place of delivery, with interest, and not the difference between the contract price and what the plaintiff

at some indefinite time after the breach realized for the property. Gulf, C. & S. F. Ry. Co. v. Godair, 3 Texas Civ. App., 514; Adler v. Kiber, 5 Texas Civ. App., 415; Wells-Fargo & Co. v. Battle, 5 Texas Civ. App., 532; Brunswig v. Kramer, 2 App. C. C., 804; Texas & Pac. Ry. Co. v. Williams, 1 App. C. C., 249; Galveston, H. & S. A. Ry. Co. v. Jessee, 2 App. C. C., 403-8; Ft. Worth & D. C. Ry. Co. v. Scott, 2 App. C. C., 140; Guice v. Crenshaw, 60 Texas, 344; 3 Parsons on Contracts, 209; 2 Sutherland on Damages, 359-365; Williams v. Woods, 16 Md., 220; 21 Am. & Eng. Ency. of Law (1st ed.), 578.

*Beckham & Beckham,* for appellee.

STEPHENS, Associate Justice.—Appellee sold appellants twenty-four bales of cotton of the aggregate weight of twelve thousand four hundred and fifteen pounds to be delivered on the cars at Tioga, Texas, claiming and offering evidence to show that he had sold the cotton at fifteen and three-fourths cents per pound, while the appellants contended and offered evidence tending to show that the price was fourteen and three-fourths cents. Appellants refused to receive the cotton and this suit was brought to recover the difference between the contract price and the price at which appellee subsequently sold it to another purchaser. Appellee alleged that he had been compelled by reason of a decline in the market to sell the cotton at thirteen and 81-100 cents per pound, alleging that that was the highest price obtainable for the same. The only defense was a general denial. The evidence tended to prove that appellee did not resell the cotton until after what was described in the testimony as "the Sully failure," which took place about a week after the cotton had been delivered on the cars at Tioga, and that this failure was followed by a sudden decline of two cents per pound in the price of cotton. Appellee testified that the price at which he sold the cotton was the best he could obtain after diligent efforts, but whether he offered to sell the cotton within a reasonable time was a matter of inference from the circumstances about which there might arise a difference of opinion. It is at least doubtful from the evidence whether he made any effort to sell the cotton for a week or more after appellants refused to take it.

The court instructed the jury to measure the damages by the difference between the contract price and the price obtained in the resale of the cotton. One ground of objection to this charge, in effect, is that it took from the jury the issue of reasonable diligence on the part of appellee in his effort to make a resale of the cotton after the breach. It is undoubtedly the duty of the seller in adopting the remedy chosen in this instance to resell within a reasonable time and at the best price he can reasonably obtain—that is to say, he must pursue the course "which prudence would dictate to a man of ordinary prudence." Waples v. Overaker, 77 Texas, 7, and authorities there cited. But where the circumstances leave any room for controversy as to whether he has pursued this course, the issue is one of fact for the determination of the jury. It is contended,

however, in behalf of the appellee, that in this instance the issue was not raised by the pleadings, but it seems to us that it was tendered by the petition itself, and if in any case it would be necessary for the defendant to plead it specially, it was not so in this instance. The general denial was sufficient.

Because the court erred in the charge on the measure of damages, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*