HARLAN–ELZY–RANDALL CO. v. AMERICAN FRUIT GROWERS, Inc.    (No. 624.)

Court of Civil Appeals of Texas.    Waco. April 26, 1928.

Dissenting Opinion May 24, 1928.

Rehearing Denied June 7, 1928.

**1. Appeal and error ⊚⇒301—Assignment of error in refusing directed verdict may be considered, though not embraced in motion for rehearing.**

That assignment of error in refusing to direct verdict for defendant was not embraced in motion for rehearing does not preclude consideration thereof, as appellant can assign error independently of motion for new trial and complain of court's ruling on any question arising during trial on which ruling was invoked.

**2. Sales ⊚⇒387—Evidence held insufficient to take to jury questions whether cauliflower rejected by buyer was resold for highest market price and at reasonable expense.**

In action for breach of contract by refusal to accept and pay for car of cauliflower, evidence *held* insufficient to take to jury questions whether cauliflower was resold at point to which diverted for highest market price and whether expense of resale was reasonable and necessary.

**3. Evidence ⊚⇒377—Unidentified, unverified statements of account held inadmissible without showing as to correctness or that they embraced resale, in action for breach of sale contract.**

In action for breach of contract by refusal to accept and pay for car of cauliflower, unidentified and unverified statements of sales by fruit exchange for account of seller's brokers, without showing that they were correct or embraced resale of particular cauliflower, were inadmissible in evidence.

**4. Trial ⊚⇒105—Wholly incompetent evidence, admitted without objection, will not support verdict or fact finding.**

Evidence, which in itself is wholly incompetent and therefore without probative force, gains no vitality because admitted without objection, and will not in itself support a verdict by jury or finding of fact by court.

**5. Sales ⊚⇒384(7)—Seller may resell goods refused by purchaser for best price obtainable and recover difference between such price, less reasonable expenses of resale, and contract price.**

When purchaser of personal property refuses to accept it, seller has right to sell it for best price obtainable, and, after deducting reasonable and necessary expenses incident to resale, to recover as damages from purchaser the difference between price obtained, less such expense, and original price.

**6. Appeal and error ⊚⇒742(1)—Assignments of error, without propositions thereunder, are waived.**

Where appellant does not present any propositions under its assignments of error, they are waived and cannot be considered.

**7. Evidence ⊚⇒366(1), 377, 378(5)—Telegrams, account sales and inspection certificate, identified by seller's sales manager, held inadmissible, in absence of evidence that buyer was connected therewith or that witness knew personally that they were correct.**

Telegrams, account sales and federal Department of Agriculture inspection certificate, identified by seller's sales manager, in action for breach of contract by refusal to accept and pay for car of cauliflower, *held* inadmissible on proper objection, in absence of evidence that defendant was charged with having executed any of such instruments or had any connection therewith, or that witness knew of his personal knowledge that they were correct.

Stanford, J., dissenting.

Appeal from Dallas County Court; Paine L. Bush, Judge.

Action by the American Fruit Growers, Incorporated, against the Harlan-Elzy-Randall Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Turner & Rodgers, of Dallas, for appellee.

BARCUS, J. [1] Appellee brought this suit against appellant to recover damages which it claims to have suffered by reason of appellant having refused to accept and pay for a car of cauliflower which appellee alleged it had sold to appellant. Appellee alleged that it sold a car of cauliflower to appellant at Dallas, Tex., for $729.30, and that on arrival thereof appellant refused to accept it; that it attempted to sell it on the Dallas market, but was unable to do so, and it then diverted the car to New Orleans and "sold same to Lally & Lally for the fairest and reasonable

market price then obtainable at that place and on that date." It further alleged that after paying the reasonable and necessary expenses it only received $91.94, leaving a balance due by appellant of $641.36. Appellant answered by general demurrer, a number of special exceptions, a general denial, and specially pleaded that the car of cauliflower was not in accordance with that purchased by it; that it was purchased subject to inspection at Dallas; and that by reason of its being an inferior grade to that purchased, it refused to accept same. It alleged there was either a partial or total failure of consideration. It alleged further that there was a market in Dallas when said cauliflower was refused by it. The cause was tried to the jury and submitted on special issues. The jury found that the car of cauliflower was in compliance with the contract made between appellant and appellee; that the expense of resale of the car was reasonable; and that appellee used reasonable diligence to and obtained the highest price therefor. Based on the findings of the jury and additional findings by the trial court, judgment was entered for appellee against appellant for $641.36. At the conclusion of the testimony appellant requested the court to instruct the jury to return a verdict for it, which was refused. Appellant filed a motion for rehearing, which was by the trial court overruled, and thereafter appellant filed assignments of error, embracing a number of assignments not embraced in said motion for rehearing. Among these assignments was one complaining of the action of the trial court in refusing to instruct the jury to return a verdict in its favor. Appellant objects to our considering this assignment because same was not embraced in the motion for rehearing. We overrule this contention. Under the holdings of the Supreme Court, an appellant can assign error independent of his motion for a new trial and complain of the ruling of the trial court on any question that arose during the trial on which the ruling of the court was invoked. Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667; Egan v. Lockney Farmers' Co-operative Society (Tex. Com. App.) 284 S. W. 937.

[2] Appellant contends that the trial court should have given its peremptory instruction, and that the court erred in overruling its objections to the submission of the issues as to whether the plaintiff used diligence to obtain the highest market value for the cauliflower, and whether the expense of the resale thereof was reasonable, because there was no evidence tending to raise either of said issues; appellant's contention being that there is no evidence that the cauliflower was sold for the highest market price in New Orleans or the amount of the reasonable expense incurred in the resale thereof. We sustain this assignment. Appellee alleged that

it sold the cauliflower to Lally & Lally of New Orleans and obtained the fairest and reasonable market price then obtainable. The testimony, however, shows without dispute that the sale was not made to Lally & Lally, but that the cauliflower was sold at auction by the Fruit Exchange, Inc., to one or more unnamed purchasers. Appellee alleged that it sold and shipped to appellant, at Dallas, 147 crates of Cauliflower at $1.40 per crate, and 333 crates at $1.50 per crate. Said 480 crates constituted the car in question. The only evidence on the question of market price and expense of resale was by the witness Seifert, who testified by deposition. He testified that he was the sales manager of appellee in the state of California; that they shipped the car of cauliflower to appellant at Dallas and appellant refused to accept it, and that—

After trying to sell the cauliflower in Dallas and on other markets, "we finally diverted it to New Orleans, where Lally & Lally, our brokers, advised us that in order to obtain the best obtainable price we should have the car sold at auction, and the car was sold in New Orleans at auction for $556.45, from which the selling expense and drayage was deducted. The car was turned over by Lally & Lally, our agents, to the Fruit Exchange, Inc., and by the latter sold in New Orleans. We have the original sales sheets for the car of cauliflower in New Orleans, which are attached hereto. The net amount received by the American Fruit Growers, Inc. (appellee), from the sale of the car of cauliflower in New Orleans, was $91.94."

In addition to Seifert's testimony above, there appear in the statement of facts three account sales, which purport to be sales by the Fruit Exchange, Inc., for account of Lally & Lally. The first shows 333 crates of flowers sold, 10 crates for $1.20 each, 10 crates for $1.25 each, and 313 crates for $1.30 each, a total of $431.40, with expenses deducted of $35.48, leaving the net proceeds $395.92. The second account sale shows 146 crates of flowers sold, 120 crates for 85 cents each, 10 crates for 90 cents each, 9 crates for 95 cents each, and 7 crates for a total of $5.00, making a total of $124.55, with expenses deducted of $8.72, leaving net $115.83. The third account sale shows one crate of flowers sold at 50 cents, with expense of 4 cents deducted, leaving net 46 cents. These three account sales show a total sales of $556.45, with the expense of $44.24, which would leave a balance of $512.21. There is in the statement of facts, in addition to the three account sales above, the following account sales:

Account Sales, Lally & Lally, Wholesale Brokers.
New Orleans, La., Nov. 15, 1924.
Contents, Cauliflower.
Sold for Account of American Fruit Growers, Inc.
Proceeds per attached accounting,
From Fruit Exchange, Inc.................. $512 21
Less ...................................... 420 27
                                           ———
    Net Proceeds ......................... $ 91 94

[3, 4] There is nothing in the account sales to indicate what the $420.27 was subtracted for, nor why that amount was not sent to appellee by Lally & Lally. There is no suggestion in the statement of facts or in the record that the $420.27 was any part or portion of the expense of the resale of the cauliflower, except the general statement by witness Seifert that the net amount received from the sale of the cauliflower was $91.94. Neither is there any suggestion in the testimony that any of the expense incident to the sale was either necessary or reasonable, and there is nothing in the record to show any item of expense, except the $44.24 retained by the Fruit Exchange, Inc., as its commission and drayage. There is nothing in the record to show that the Fruit Exchange, Inc., which sold the cauliflower at public auction in New Orleans, obtained the best price therefor, or that same was advertised before it was sold, or that any kind of notice of the sale was given. We do not think the evidence was sufficient to authorize the court to submit said issues or the jury to find that the cauliflower was sold at New Orleans for the highest market price, or that there was $461.51 reasonable and necessary expense incurred in the resale of same. The account sales which were attached to Seifert's depositions, and which were offered in evidence, were not in any way identified, and appear to be simply unverified statements of account sales made by the Fruit Exchange for the account of Lally & Lally, with nothing to show that they were correct or that they embraced the sale of the cauliflower in question, and same were not admissible in evidence and had no probative force. The rule seems to be well established that evidence which in itself is wholly incompetent, and therefore without probative force gains no vitality because admitted without objection, and same will not in itself support a verdict by a jury or a finding of fact by a court. Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197.

[5] Where a purchaser of personal property refuses to accept it, the seller has a right to sell it for the best price obtainable, and after deducting the reasonable and necessary expenses incident to its resale, to recover as damages from the purchaser the difference between the price obtained less the reasonable expenses, and the original price at which the goods were sold. Before he is entitled, however, to recover, he must show that he has sold the goods for the best price obtainable and that the expenses charged in connection therewith were reasonable. Waples v. Overaker, 77 Tex. 7, 13 S. W. 527, 19 Am. St. Rep. 727; Carver, Frierson & Co. v. Graves, 47 Tex. Civ. App. 481, 106 S. W. 903; F. C. Pennington Produce Co. v. Browning (Tex. Civ. App.) 293 S. W. 935; Id. (Tex. Com. App.) 299 S. W. 870.

[6] Appellant by a number of assignments of error complains of the action of the trial court in permitting the witness Seifert to identify certain telegrams and the inspection certificate as made by M. C. Gregory, inspector for the United States Department of Agriculture at Dallas; and also assigns error to the court's action in permitting said witness to testify to information he had received from appellee's agents in Dallas and New Orleans with reference to how the cauliflower was handled and sold. Appellant's bills of exception show that it only objected to the various written documents being identified by the witness, and did not object to their being actually offered in evidence. In appellant's brief it does not present any propositions under its assignments complaining of the introduction of the evidence of which complaint is made. Our courts uniformly hold that where the appellant does not present any propositions under its assignments of error, same are thereby waived. The record being in the condition indicated, this court is not authorized to pass upon these assignments.

[7] In view of the fact that the judgment of the trial court is to be reversed, we deem it proper, however, to say that if the proper objection had been preserved to the introduction thereof, neither the telegrams nor the account sales nor the inspection certificate were admissible in evidence under the identification as made by Mr. Seifert. It was not shown by his or any other testimony that appellant was in any way charged with having executed any of those instruments, or that it had any connection therewith, or that the witness knew of his personal knowledge that same were in fact correct. G. C. & S. F. Ry. Co. v. Hill (Tex. Civ. App.) 284 S. W. 594.

The judgment of the trial court is reversed and the cause remanded.

STANFORD, J. Not being able to agree with my associates, I file the following dissenting opinion:

Appellee brought this suit against appellant to recover damages resulting by reason of appellant's refusal to accept a car of cauliflower, which appellee sold from its place of business in California, and shipped to appellant at Dallas, Tex. Appellee alleged it sold said cauliflower for $729.30 and that on arrival thereof appellant refused to accept it; that in order to make the most advantageous sale of said cauliflower, it diverted same to New Orleans, where it sold said car for account of appellant and realized net therefor $91.94, leaving a balance due appellant of $641.36. In addition to a general demurrer and general denial, appellant specially pleaded that the cauliflower was not in accordance with that purchased; that it was purchased subject to inspection, by reason of which it refused to accept same, etc. In response to special issues the jury found:

"(1) The car of cauliflower which was loaded, shipped, and tendered to the defendant was in compliance with the contract between plaintiff and defendant.

"(2) We find from the evidence that the expense of resale of the car of cauliflower was reasonable.

"(3) The plaintiff used reasonable diligence to obtain the highest market value in the resale of the car of cauliflower."

On these findings, and such findings as the court was authorized from the pleading and evidence to make, the court entered judgment for appellee for $641.36. Appellant duly appealed and presents the record here for review.

Under its first proposition, appellant contends the court erred in refusing to submit to the jury its specially requested issues Nos. 1 and 2, as follows:

"(1) Was the cauliflower worth as much or more in Dallas, Tex., as in New Orleans?

"(2) Was there a market at Dallas, Tex., for the cauliflower at the time the car of cauliflower was turned down and sent to New Orleans?"

In cases of this kind, under the settled rule in Texas, the appellee had the right to sell the car of cauliflower as the property of appellant and for appellant's account, and to recover, in a suit brought therefor, the difference between the contract price and the price such property brought, together with the necessary expenses incident to such sale. Waples v. Overaker, 77 Tex. 7, 13, S. W. 527, 19 Am. St. Rep. 727; Palestine Ice, etc., Co. v. Connally & Co. (Tex. Civ. App.) 148 S. W. 1109; Texas Seed Co. v. Chicago Seed Co. (Tex. Civ. App.) 187 S. W. 747; Planters' Oil Co. v. Gresham (Tex. Civ. App.) 202 S. W. 145; Beaumont Cotton Oil Mill v. Sanders (Tex. Civ. App.) 203 S. W. 372. It is also the rule of law in this state that the seller in such cases, in reselling the property for the account of the defaulting purchaser, must exercise good faith to realize the best price he can on resale; that is, he must in good faith exercise such diligence as a man of ordinary prudence would under the same or similar circumstances, and if the seller exercises such prudence in reselling the property, the defaulting buyer should not be heard to say that the market in which the sale was made was not the most advantageous one. Waples v. Overaker et al., supra; Foote & Co. v. Heisig & Norvell (Tex. Civ. App.) 94 S. W. 362; Texas & L. Lumber Co. v. Rose (Tex. Civ. App.) 103 S. W. 444. In response to the second and third special issues, the jury found that "the expense of the resale of the car of cauliflower was reasonable," and that "the plaintiff did use reasonable diligence to obtain the highest market value in the resale of the car of cauliflower." These were, on this phase of the case, the vital, controlling, and ultimate issues. Texas & L. Lumber Co. v. Rose (Tex. Civ. App.) 103 S. W.

444. Both of appellant's specially requested issues presented matters only evidentiary and not any ultimate issue in the case. The first specially requested issue was not raised by any evidence. There was no evidence that cauliflower was worth as much or more in Dallas as it was in New Orleans; and if this issue had been submitted and the jury in answer thereto had found there was a market for cauliflower in Dallas, such answer would not have settled any controlling issue, and said fact so found could have been considered only in determining the controlling issue as to whether or not appellee exercised proper diligence in the resale. If the evidence was sufficient to show there was a market in Dallas, this fact was proper to be considered by the jury, and doubtless was considered, in determining the said ultimate and controlling issue as to whether or not appellee used reasonable diligence to obtain the highest market price in the resale of said car of cauliflower. In the submission of special issues the court should require the jury to find the ultimate material issues, and not the evidence bearing upon such issues. Houston, etc., Ry. Co. v. Barger (Tex. Civ. App.) 176 S. W. 870; Witchita Falls & S. R. Co. v. Tucker (Tex. Civ. App.) 261 S. W. 518. This proposition should be overruled.

Under its second, third, and fourth propositions, appellant contends the court should have instructed a verdict for appellant and that appellant's motion for new trial should have been granted, because the verdict of the jury was against the overwhelming preponderance of the evidence, in that the cauliflower was not of the character purchased. In response to the first special issue the jury found:

"The car of cauliflower which was loaded, shipped, and tendered to the defendant was in compliance with the contract between plaintiff and defendant."

I have carefully examined the evidence, and without undertaking to set it out, will say the evidence was not only sufficient to require the submission of special issue No. 1, but that the finding of the jury in response to said issue is supported by the evidence. There being substantial evidence to support the finding of the jury to the effect the cauliflower shipped and tendered appellant was in compliance with the contract, such finding is binding upon this court and it is without authority to disturb such finding. Northern Texas Traction Co. v. Weed (Tex. Civ. App.) 297 S. W. 534; Southern Casualty Co. v. Hernandez (Tex. Civ. App.) 297 S. W. 544; G. C. & S. F. Ry. Co. v. Holland, 27 Tex. Civ. App. 397, 66 S. W. 68; G. C. & S. F. Ry. Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80. These propositions should be overruled.

Under its fifth proposition, appellant contends, in effect, that the sale was by description, that in such sale the description be-

comes a condition precedent to creating any liability on the purchaser, and that the right to repudiate the purchase for nonconformity of commodity tendered with that described is universal; that there was evidence that it was customary for buyers to be allowed to inspect cars of produce before accepting same; that such custom was known to the agent for both parties, by reason of all of which appellant never accepted said produce, and so title never passed to appellant, and, this being true, appellee had no right to resell the produce, and so the measure of damages was the difference between the contract price and the market price at Dallas, and not the difference between the contract price and the net amount received on the resale for account of the purchaser. In other words, under propositions to the effect the court erred in refusing to instruct for appellant because there was no evidence that the cauliflower was in compliance with the contract of purchase, and that such finding is contrary to the overwhelming weight of the evidence, appellant attempts by a lengthy argument, styled its "fifth proposition," to raise the question that the court applied the wrong measure of damages. This proposition is not germane to these assignments or any others contained in the record, for which reason same is not entitled to consideration. It is thought, also, this proposition seeks to have this court review the case on a theory entirely different from that on which it was tried. This is not permissible under our procedure. Blum v. Whitworth, 66 Tex. 350, 1 S. W. 108; Panhandle Grain Co. v. Dowlin (Tex. Civ. App.) 247 S. W. 873 (on rehearing). However, if this proposition be considered, it would have to be overruled, in that the evidence establishes the fact that the title to the cauliflower passed to the appellant under the terms of the contract of sale when same was placed with the common carrier at point of shipment in California for delivery to appellant at Dallas. It is also true, if the cauliflower was sold by description, and if by reason of its being so sold, appellant had the right to inspect same at the point of delivery before acceptance, still, as the jury found that the cauliflower loaded, shipped, and tendered to the defendant was in compliance with the contract, if title did not pass to appellant when the carrier received same at the point of shipment in California, such title did pass to appellant when delivery was tendered in Dallas, Tex. McLane Co. v. Swernemann et al. (Tex. Civ. App.) 189 S. W. 282; Robinson et al. v. H. & T. C. Ry. Co., 105 Tex. 185, 146 S. W. 537; Adkins-Polk Co. v. Barkley, et al. (Tex. Civ. App.) 297 S. W. 757.

Under its sixth proposition, appellant contends, in effect, that the court erred in giving in charge special issue No. 1, in that said charge assumed that a contract had been established between appellant and appellee. There was no controversy but that a contract was made between appellee and appellant, and that in pursuance of said contract the cauliflower was loaded, shipped, and tendered to appellant at Dallas, Tex. The only issue on this phase of the case, made by the pleading and evidence, was as to whether or not the cauliflower was in compliance with the contract, which was properly submitted to the jury and found against appellant. This issue properly left the jury free to determine the issue of fact as to whether or not the cauliflower was in compliance with the contract. There is no merit in this proposition, and it should be overruled.

Appellant's eleventh proposition is as follows:

"Appellee supplying no competent proof of market or market prices in New Orleans, or that the cauliflower was then sold at said market price, appellant was entitled to a peremptory verdict as a matter of law, and further entitled, as a matter of law, to have said judgment and verdict set aside, as without support in the evidence."

The record discloses that E. M. Seifert was sales manager of appellee, and that the office and residence of said manager was in California. This witness testified by deposition without objection that after appellant refused said car, he tried to sell same in Dallas and other points near Dallas, but was unable to get an offer; that after trying other markets, he then diverted the car from Dallas to New Orleans, consigned to Lally & Lally, appellee's brokers; that these brokers recommended that in order to get the highest obtainable price, the car be sold at auction, and that it was so sold by the Fruit Exchange of New Orleans for $556.45; that sale sheets were made by said Fruit Exchange to Lally & Lally, and sent by Lally & Lally, together with an itemized statement made by themselves, to said witness, and were attached by said witness as exhibits to his deposition. Interrogatory No. 104 inquired of the witness if he had the original sales sheets of the car of cauliflower in New Orleans, to which the witness answered: "We have." Interrogatory No. 105 was: "If you state you have the originals, then hand them to the notary and have him attach them and make them a part of your deposition." To which the witness replied: "It has been done." Interrogatory No. 107 was: "State if you have the itemized account of the sale of this car of cauliflower in New Orleans." To which the witness answered: "We have the original." Interrogatory No. 108 was: "If you state you have the original or copy of the sale account of this car of cauliflower at New Orleans, then hand it to the notary and have him attach it as an exhibit to your answer." To which the witness replied: "It has been done." Interrogatory No. 109 was: "Please state whether you sent another

statement to the Harlan-Elzy-Randall Company, dated December 10, 1924." To which the witness replied: "We did." Appellant, as shown by its bill of exception, objected to each of the above interrogatories and the answer of the witness thereto. That is, it objected to the question, "Do you have the original sale sheets?" and the answer, "We do," and the question, "If so, attach it to your answers," and the answer, "It has been done." But appellant made no objection whatever to the introduction of said sale sheets, and they were introduced and read in evidence without any objection. And the same is true of the itemized account of the sale of the car of cauliflower, and said original itemized account of the sale of said car was introduced and read in evidence without any objection whatever being made to it. Appellant by no assignment briefed, nor proposition, contends there was no evidence of the market price on the New Orleans market and that the cauliflower sold at said price, but does contend there was no competent evidence thereof, and its only effort in its brief is directed to showing the evidence on this phase of the case was erroneously admitted, and therefore incompetent and should have been disregarded by the trial court. This would certainly be a very unfair course for the trial court to pursue. If the evidence upon this phase of the case was not admissible, appellant should have objected to it when offered, and assigned error to the action of the court in admitting same. Where the trial court erroneously admits evidence over proper objections, error should be urged to his so doing, and not that he erred in refusing to ignore same and instruct a verdict or grant a new trial. The court found that the gross amount realized by the plaintiff from the resale of said car was $512.21, and that the expense of said sale was $420.27, leaving a net to plaintiff of $91.94. No objections are shown to these findings. This proposition should be overruled.

Under its twelfth assignment, appellant contends the court erred in admitting in evidence, over its objection, the report of the government inspector as to the condition of said car of cauliflower. The record discloses that after appellant refused to accept said car, the government inspector at Dallas, at request of appellee, inspected said car and sent his report, or a copy thereof, to appellee in California. Interrogatory No. 77 to the witness Seifert was as follows: "If you state that it was inspected by United States government inspector, then please state whether you have the original of that inspection certificate." To which the witness answered: "We have." Interrogatory No. 78 was: "If you state that you do have the original of that inspection certificate in your possession, then hand it to the notary

and have him mark it 'Exhibit No. 10' and attach it to your deposition and make it a part of your answer to this question." To which the witness answered: "It has been done." Appellant objected to the above two interrogatories and answers to same, but no objection was made to the government inspector's report itself, and it was introduced and read in evidence without any objection whatever to its being so introduced. There is no merit in this assignment.

No reversible error is shown, and the judgment of the trial court should be affirmed.