## WAGONER v. CHRISTIAN et al. (No. 3309.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 20, 1929.

Rehearing Denied Jan. 15, 1930.

Hugh L. Umphres, of Amarillo, for appellant.

Underwood, Johnson, Dooley & Simpson, Vance Huff, and Rip E. Underwood, all of Amarillo, for appellees.

HALL, C. J. Appellees Christian and Joe Williams sued Wagoner to recover $6,000 and interest alleged to be due them for their interest in a certain oil and gas lease which Wagoner had sold for $18,000.

The plaintiffs base their right to recover upon the allegations that Harry D. Day, for himself and as trustee for Wagoner and H. V. Nicholson, acquired a certain gas lease in Hutchinson county. That at the time of the transactions mentioned plaintiffs did not know that Wagoner and Nicholson owned an interest in the lease. Believing that Day owned the entire leasehold estate, on the 26th day of May, 1921, they loaned him $300, taking an assignment of said lease with the understanding that, if Day should pay plaintiffs $370 within 30 days, he should then have the right to repurchase the lease. That Day failed to make payment within 30 days, and the transfer became absolute.

By a trial amendment of their petition, the plaintiffs further alleged that thereafter, and prior to the 15th day of July, 1921, Nicholson approached plaintiff Christian and explained for the first time that Day owned only a one-fourth interest in the leasehold estate at the time he assigned the entire lease to Christian on May 26, 1921, and further explained that he (Nicholson) owned a one-fourth interest, and that a one-half interest was owned by the defendant Wagoner, and inquired of Christian whether, if his money was repaid, he would be willing to transfer the lease to Wagoner, and that Christian agreed to do this, and that about the 15th day of July, 1921, Wagoner brought to Christian a written reassignment of the entire leasehold estate, which, by its terms, conveyed the same from Christian to Wagoner; that Wagoner then promised, if plaintiff would execute the instrument, he and his partner, Nicholson, would repay to plaintiffs the amount advanced by them to Day; that relying upon Wagoner's promise to repay, Christian, on said date, executed the instrument which reassigned the leasehold estate to Wagoner, in consideration of Wagoner's promise to repay plaintiffs their money; that through inadvertence this instrument was not duly acknowledged, and later, for the same consideration, Christian executed a corrected assignment, reconveying the property to Wagoner, which instrument was dated during the latter days of December, 1921, or early in January, 1922; that plaintiffs made a final demand upon Wagoner for their money, and that, if Wagoner had then paid them, they would have claimed no interest in the lease, but Wagoner stated to plaintiffs that he was short of cash and unable to pay at that time, and made a binding contract with plaintiffs to the effect that, if

the latter would cancel their debt then due from him to them, he would hold the title to a one-fourth interest in said oil lease in trust for plaintiffs and agreed to pay the rentals on the lease, and would account to plaintiffs for the portion of the profits that he might make on the lease, that is, would account to them for their one-fourth interest which Wagoner agreed with plaintiffs he would carry in trust for them, to which proposition plaintiffs assented and canceled their indebtedness against Wagoner, and gave him a second properly acknowledged assignment of the lease; that thereafter Wagoner sold his three-fourths interest in the lease for $18,000, Nicholson having sold his one-fourth to other parties. Wherefore plaintiffs filed this suit to recover the $6,000.

In his answer Wagoner alleged that he owned three-fourths of the leased premises at the time Day assigned the same to Christian and long prior thereto; that Day held said interest in trust for him, as Christian well knew; that, at the time Christian accepted the assignment of the lease from Day, in consideration of the loan of $300 to Day, Christian knew that Wagoner owned three-fourths of the leased premises, and that Nicholson owned one-fourth, and that Day was holding the legal title in trust for the real owners; that, after Day assigned the lease to Christian, Wagoner called on Christian, and, after discussing the latter's ownership and the loan Christian had made, Christian agreed with Wagoner to make, and did make, a written assignment of the lease to the latter for and in consideration of Wagoner's written promise to pay the $370 which Day owed Christian, said $370 to be paid whenever Wagoner had made a sale of the lease; that thereafter Christian demanded payment of the amount, and Wagoner agreed to pay upon delivery to him of the written promise executed by Wagoner, which Christian stated he had lost; that defendant had at all times been ready and willing, and is still ready and willing, to pay the $370 and tendered said amount into court. He denied owing either of plaintiffs any sum save and except the $370 and denied that he ever agreed to pay either of plaintiffs any money out of the proceeds of the sale of the lease, and never admitted that either of plaintiffs were interested in the leasehold estate.

The case was submitted to the jury upon two issues. The first issue is: "Do you find and believe from the preponderance of the evidence that at or shortly prior to the time that the plaintiff W. S. Christian executed an assignment of the oil and gas lease on the lands in question on the 7th day of Jan., 1922, to the defendant A. L. Wagoner, the said defendant agreed with the said W. S. Christian that he, the said Wagoner, would hold in trust a one-fourth interest in the lease on said land for the benefit of said W. S. Christian and

Joe Williams, in consideration of the cancellation by the said W. S. Christian and Joe Williams of the indebtedness then owing by said A. L. Wagoner to said W. S. Christian and Joe Williams?" To which the jury answered "Yes."

In response to the second interrogatory, the jury found that Wagoner realized $18,000 from the sale of the oil and gas lease in question.

Judgment was rendered for the plaintiffs for one-third of this amount, after deducting the initial cost of the lease.

The case is before us upon two propositions. By the first, the appellant Wagoner contends that the court erred in refusing to submit the following special issue:

"Did Christian make the assignment to Wagoner dated the 15th day of July, 1921, in consideration of a promise upon the part of Wagoner to pay Christian $370.00 with interest whenever Wagoner made a sale of the lease described in the assignment?"

It will be seen from the foregoing brief statement of the pleadings that Wagoner's contention was that Christian executed the assignment for and in consideration of his promise to pay plaintiffs $370. The plaintiffs' contention was that the assignment had been executed by Christian in consideration of Wagoner promising to hold for Christian a one-fourth interest in the lease. The plaintiffs did not deny, and, in fact, they admitted in their pleadings, that the original agreement when the loan was first made was that Christian would transfer the lease to Wagoner when he had been repaid his $300 and $70 additional, but further alleged Wagoner's inability to pay and a subsequent agreement in virtue of which Wagoner agreed to hold one-fourth interest in the lease for the benefit of plaintiffs in consideration that he be released from his promise to pay Day's debt. It was unnecessary for the court to submit to the jury a finding of fact which the opposite parties admitted in their pleadings. If issue No. 1 requested by Wagoner had been submitted, and the jury had answered it in the affirmative, no judgment could have been based upon it, because the court submitted for their finding whether the subsequent contract, in virtue of which Wagoner was to hold a one-fourth interest for plaintiffs, was made in January, and, the jury having found that the subsequent contract was made, would have the effect of rendering their finding upon said issue No. 1 immaterial.

Special issue No. 1 requested by the appellant was not really an issue. Both sides had alleged the fact; the only modification being that Wagoner alleged that the payment of the $370 to Christian was, under the agreement, to be made after the lease had been sold. When a fact is alleged in the pleadings of both parties, it is not an issue to be submitted to the jury. Turner v. M., K. & T. Ry. Co. (Tex. Civ. App.) 177 S. W. 204.

The ultimate or controlling fact in this case is the subsequent agreement alleged by the plaintiffs, which was, in substance, that, if they would release their claim for $370 against Day and assign the lease to Wagoner, the latter would hold one-fourth interest therein for the plaintiffs. A finding by the jury that this allegation was true was a finding upon the ultimate and controlling fact alleged, and the court should submit only such issues to the jury. Houston Belt & Terminal Co. v. Barger (Tex. Civ. App.) 176 S. W. 870; Wichita Falls & S. R. Co. v. Tucker (Tex. Civ. App.) 261 S. W. 518; Southwestern Telegraph Co. v. French (Tex. Civ. App.) 245 S. W. 997.

By the second proposition, the appellant insists that, because the pleadings and the evidence showed that Day held the lease in question in trust, conversations between Day and Wagoner, though not in the presence or hearing of plaintiffs, in which the ownership of the beneficial interest in the lease was discussed, should have been admitted in evidence. ▆▆ These conversations, as shown by the bills of exception, were excluded upon the ground that they were hearsay. For this reason the court did not err in sustaining the objections made upon that ground. Moreover, at the time the loan was made to Day, the record shows that he held the legal title, and there is no evidence tending to show that plaintiffs knew that Wagoner or Nicholson either owned any interest in the lease. According to the statement of facts, Wagoner and R. M. Cornett were both permitted to testify that Wagoner, and not Day, was the owner of the lease when Day assigned it to Christian, and this testimony was admitted without objection, so, if the substance of the conversations was admissible in evidence for the purpose of proving that Wagoner and Nicholson really owned the lease, and that Day merely held the legal title as trustee, the court did not err in excluding the testimony, because the fact was established by other testimony which was competent and admitted without objection.

We find no reversible error, and the judgment is affirmed.